UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD FARMER<br><br>    Plaintiff,<br><br>v.<br><br>FZOAD.COM ENTERPRISES, INC., d/b/a MANHATTAN EYEWORKS, d/b/a CHELSEA VISION ASSOCIATES, DENTAL ASSOCIATES OF NEW YORK LLP, GREENWALD & MATANI PTR, DAVID FOREST GROSS, MUNKUND J. MATANI, and GARY GREENWALD,<br><br>    Defendants. | CIVIL ACTION NO.:<br>1:17-CV-09300-GBD-OTW<br><br>RETURN DATE: DECEMBER 11, 2018 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE THE JULY 30, 2018 DEFAULT JUDGMENT PURSUANT TO FED.R.CIV.P 55(C)

**BUDD LARNER, P.C.**
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Tel:   (973) 379-4800
Fax:   (973) 379-7734
Attorneys for Defendants

Of counsel and on the brief:
    Joshua L. Weiner, Esq.

## TABLE OF CONTENTS

Page

FACTUAL BACKGROUND..................................................................................1

LEGAL ARGUMENT............................................................................................2

CONCLUSION.......................................................................................................4

**Cases**

Davis v. Musler,

    713 F.2d 907, 916 (2d Cir. 1983) ................................................................................ 3

Enron Oil Corp. v. Diakuhara,

    10 F.3d 69, 90, 96 (2d Cir. 1993) ................................................................................ 2

Meehan v. Snow,

    652 F.2d 274, 276 (2d Cir. 1981) ................................................................................ 2

**Rules**

Fed.R.Civ.P 55(c) ................................................................................................................ 2

Fed.R.Civ.P. 4(m) ............................................................................................................... 3

**Act**

Age Discrimination in Employment Act ("ADEA") .................................................... 1, 4

Americans with Disabilities Act ("ADA") .................................................................... 1, 4

Fair Labor Standards Act ("FLSA"). ............................................................................ 1, 4

New York Labor Law ("NYLL") .................................................................................. 1, 4

Title VII of the Civil Rights Act of 1964 ("Title VII") ................................................. 1, 4

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges that, as an employee of defendants FZOAD.com Enterprises, Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision Associates ("Manhattan Eyeworks") and its owner, defendant David Forest Gross (collectively "Employer Defendants"), he was discriminated and retaliated against in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Plaintiff also alleges that he was underpaid in violation of New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). Plaintiff also claims that defendants Gary Greenwald, Mukund J. Matani, Dental Associates of New York LLP ("Dental Associates"), Greenwald & Matani PTD (collectively "Non-Employer Defendants") engaged in similar acts of discrimination and retaliation and conspired with Employer Defendants in violating the FLSA and NYLL. Plaintiff never filed a charge with the Equal Employment Opportunity Commission ("EEOC") even though he alleges to having been wrongfully discharged on April 28, 2015.[1]

Employer Defendants appear to have been served with a copy of the Complaint on or about June 15, 2018. (Docket Nos. 21-22). Employer Defendants failed to file a responsive pleading by July 24, 2018, and on July 26, 2018 Plaintiff requested the entry of default against them. (Docket No. 23). After the clerk's office issued a certificate of default on July 26, (Docket Nos. 29-30), this Court issued a default judgment against all defendants on July 30, 2018. Docket No. 34).

---

[1] The Non-Employer Defendants have also filed a motion to vacate the default judgment, currently made returnable on November 26, 2018. Accordingly, the legal arguments raised by the Non-Employer Defendants, to the extent applicable to Employer Defendants, are incorporated herein by reference.

1

Employer Defendants, through legal counsel, emailed Plaintiff (who is appearing *pro se*) on November 12, 2018 and requested that he consent to vacating the default judgment. Plaintiff has not yet responded to this request, though based on various communications with him, he does not appear to be amenable to doing so.

As a result, Employer Defendants bring this motion pursuant to Fed.R.Civ.P 55(c) to vacate the default judgment.

## LEGAL ARGUMENT

Default judgments are not favored by the courts, particularly when a case presents genuine issues of fact. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). A court may thus vacate a default judgment for "good cause." Fed.R.Civ.P. 55(c). While the phrase "good cause" is not defined in the Federal Rules of Civil Procedure, the Second Circuit has established three criteria that are to be assessed in determining whether to relieve a party from a default or default judgment: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Since defaults are disfavored and reserved for rare occasions, when any doubt exists as to whether a default should be granted or vacated, such doubt must be resolved in favor of the defaulting party. Enron Oil Corp., 10 F.3d at 96.

While the foregoing criteria are to be applied in vacating both defaults and default judgments, courts apply them more rigorously in the case of default judgments because the concepts of finality and litigation repose are more deeply implicated. Enron, 10 F.3d at 69, citing Meehan, 652 F.2d at 276. Thus, motions to vacate are left to the sound discretion of the

court, mindful of the need to maintain a balance between clearing its calendar and ensuring that litigants are afforded a reasonable opportunity to be heard on the merits of their defenses. Ibid.

In the matter herein, it is respectfully submitted that the Court grant Employer Defendants' motion to vacate the default judgment, as they have not acted willfully, Plaintiff will suffer no prejudice and Employer Defendants present numerous and various meritorious defenses. Employer Defendants only received a copy of Plaintiff's Complaint on June 15, 2018 (not May 25, 2018), at which time they also had been informed (correctly or incorrectly) that Plaintiff (who has a habit of suing prior employers) was currently incarcerated. Given this, and not having been the subject of a federal lawsuit before, Employer Defendants did not believe that they were required to take any action on their behalves.

Plaintiff will also not suffer any prejudice by a vacation of the default judgment aside from now having to litigate this matter on the merits. While a delay in the litigation alone cannot establish prejudice, Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983), much of the delay in this matter was nonetheless the result of Plaintiff's recalcitrance, not Employer Defendants. Plaintiff filed his Complaint back on November 27, 2017, yet failed to effectuate service of process on Employer Defendants until June 15, 2018, nearly seven months later. Hence, the primary reason this case has nearly reached its one-year anniversary is because of Plaintiff's unjustified delay in serving his Complaint and not the failure of Employer Defendants to submit a responsive pleading.[2]

---

[2] Plaintiff's failure to timely serve the Complaint also violates Fed.R.Civ.P. 4(m), which states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against the defendant nor order that serve be made within a specified time." (emphasis added).

3

Defendants will also be asserting various meritorious defenses, including, but not limited to, the following: (1) Plaintiff's claims under the ADEA, Title VII and ADA should be dismissed for failure to exhaust administrative remedies; (2) Plaintiff was an exempt employee under the FLSA and NYLL, and thus not entitled to overtime pay; (3) Plaintiff did not work the number of hours alleged in the Complaint; and (4) Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that Employer Defendants' Motion to vacate the default judgment be granted and Employer Defendants' provided with thirty (30) days in which to answer the Complaint or otherwise move.

Dated: November 19, 2018

Respectfully submitted,

**BUDD LARNER, P.C.,**

By:_____
Joshua L. Weiner, Esq.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel: (973) 315-4499
Fax: (973) 455-0027
Email: jweiner@buddlarner.com
*Attorneys for Fzoad.com Enterprises, Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision Associates and David Forest Gross*