UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
RICHARD FARMER,

                            Plaintiff,

           -against-                               MEMORANDUM DECISION
                                                          AND ORDER
FZOAD.COM ENTERPRISES INC. *d/b/a*
MANHATTAN EYEWORKS *d/b/a* CHELSEA          17 Civ. 9300 (GBD)(OTW)
VISION ASSOCIATES; DENTAL ASSOCIATES
OF NEW YORK LLP; GREENWALD & MATANI
PTR; DAVID FOREST GROSS; MUKUND J.
MATANI; and GARY GREENWALD,

                            Defendants.

------------------------------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Richard Farmer brings this action against his former employers, Defendants Fzoad.com Enterprises, Inc. *d/b/a* Manhattan Eyeworks *d/b/a* Chelsea Vision Associates and David Forest Gross (the "Employer Defendants"), as well as Gary Greenwald and the Employer Defendants' sublessor, Dr. Mukund Matani, owner of Dental Associates of New York, LLP and Greenwald & Matani PTR (the "Matani Defendants") (collectively, "Defendants"). (Compl., ECF No. 2.) Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219; The Minimum Wage Act, N.Y. LAB. LAW §§ 650–665 (McKinney 2016) ("NYLL"); the New York State Department of Labor Wage Theft Prevention Act § 215[1], Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634, and the Americans with

---

[1] Section 215 provides that employers cannot retaliate against employees for complaints about labor law violations. *Section 215 of the New York State Labor Law*, N.Y. STATE DEP'T OF LABOR (2019), https://labor.ny.gov/formsdocs/factsheets/pdfs/P706.pdf.

Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213, by unlawfully targeting and terminating Plaintiff because of his age, sex, and constant reporting of improper employment practices and policies. (Compl. ¶¶ 1–5.)

Before this Court is Magistrate Judge Ona T. Wang's June 13, 2019 Report and Recommendation, recommending that the default judgments against the Defendants be vacated. ("Report," ECF No. 85, at 1.) This Court ADOPTS the Report in full and OVERRULES Plaintiff's objections.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff worked as a salesman and manager for Manhattan Eyeworks[3] from August 15, 2014 to April 27, 2015. (*Id.* at 2 (citing Compl. ¶¶ 9, 62).) Manhattan Eyeworks shared office space with its sublessor, Dental Associates of New York. (*Id.* at 3.) David Gross is the owner of Manhattan Eyeworks, while Dr. Matani was the owner of both Dental Associates of New York and Greenwald and Matani PTR. (*Id.* at 2, 7 (citing Compl. ¶¶ 74–75; Decl. of Alexander H. Gardner ("Gardner Decl."), ECF No. 56, ¶ 6).) Though Gary Greenwald once co-owned Greenwald & Matani PTR and Dental Associates of New York with Dr. Matani, he "ceded his ownership share of [both] before Plaintiff even started employment with Manhattan Eyeworks." (*Id.* at 7 (citing Def. Mukund Matani, Dental Assocs. of N.Y. LLP, Gary Greenwald and Greenwald & Matani PTR's Mem. of Law in Supp. of Mot. to Vacate the Jul. 30, 2018 Default. J. ("Matani Defs.' Mem."), ECF No. 57, at 2).)

---

[2] A more complete procedural and factual background is set forth in the Report and is incorporated by reference herein.

[3] The complaint and Report regularly refer to the Employer Defendants' practice as "Manhattan Eyeworks" and the Matani Defendants' practice as "Dental Associates of New York." This Court adopts the same approach.

2

Plaintiff alleges that he was terminated because he raised "repeated complaints concerning unpaid overtime" and "workplace harassment . . . to Mr. Gross[.]" (*Id.* at 2–3.) He also alleges that his termination was prompted by Dr. Matani and his staff, who were vocal about their dissatisfaction with Plaintiff's promotion over a woman whom they preferred. (*Id.* at 3; *see also* Compl. ¶ 25.) These alleged instances, combined with the fact that Plaintiff was ultimately replaced by a younger woman, lead him to believe that Dr. Matani used his influence as sublessor of Manhattan Eyeworks to get him fired and replaced by a woman. (*Id.*)

The Matani and Employer Defendants were served on May 23 and 25, 2018, respectively. (*Id.* at 4.) The Defendants failed to respond to the complaint, so this Court issued an order of default judgment on July 30, 2018. (*Id.* (citing Default J., ECF No. 34).) The matter was referred to Magistrate Judge Wang for an inquest on damages, during which time both Defendants appeared and filed respective motions to vacate. (*Id.* (citing July 30, 2018 Am. Order of Reference to a Magistrate Judge ("First Am. Order of Reference"), ECF No. 33); *see also* Notice of Mot. to Vacate Default J. Pursuant to FRCP 55(c), ECF No. 36; Notice of Mot., ECF No. 49.) The Matani Defendants argued that their default was not willful because "Dr. Matani was gravely ill [with cancer] beginning in mid-July 2018 shortly after he was served with the [c]omplaint on behalf of the Matani Defendants." (Matani Defs.' Mem. at 5.) Dr. Matani died soon after on September 23, 2018. (*Id.* at 3.) The Employer Defendants argue that they mistakenly believed Plaintiff was incarcerated, which they thought relieved them of the responsibility to respond to the complaint. (Defs.' Mem. of Law in Supp. of Mot. to Vacate the Jul. 30, 2018 Default J. Pursuant to Fed. R. Civ. P. 55(c) ("Employer Defs.' Mem."), ECF No. 50, at 3.)

## II. LEGAL STANDARDS

### A. Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted); *see also United States v. Sampson*, 898 F.3d 287, 312 (2d Cir. 2018).

Where there are objections, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

### B. *Pro Se* Plaintiffs

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). This Circuit has held that *pro se* submissions "must be construed liberally and interpreted 'to raise the strongest arguments

that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). As such, courts must grant unrepresented parties "extra leeway in meeting the procedural rules governing litigation . . . ." *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (noting that a *pro se* litigant's rights "should not be impaired by harsh application of technical rules."). However, despite the special solicitude afforded them, *pro se* litigants still "have an obligation to comply with court orders." *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (citing *McDonald v. Head Criminal Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)).

### C. Default Judgment

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default judgment for *good cause*, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c) (emphasis added). "This C[ircuit] has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *See Lau v. Cooke*, No. 99 Civ. 7900, 2000 WL 287690, at *2 (2d Cir. Mar. 16, 2000) (Table) (citing *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)). It thus evaluates "good cause" by analyzing three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *McLean v. Wayside Outreach Dev.*, 624 F. App'x 44, 45 (2d Cir. 2015) (quoting *Enron Oil Corp.*, 10 F.3d at 96).

### III. MAGISTRATE JUDGE WANG'S REPORT

In her Report, Magistrate Judge Wang advised that, "[i]n accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections." (Report at 13 (citing Fed. R.

5

Civ. P. 72(b)(2)).) Plaintiff filed timely objections but failed to directly address the substance of the Report or its legal reasoning. (Obj. and No Consent to (OTW) Jurisdiction ("Pl.'s Obj."), ECF No. 86.) Plaintiff instead questioned Magistrate Judge Wang's authority and jurisdiction to issue the Report and objected to the striking of a previous submission.[4] (*Id.* at 2; Stricken Doc., ECF No. 83.)

This Court reviews *de novo* those portions of the Report to which Plaintiff objects. It reviews for clear error those portions of the Report to which Plaintiff makes no or merely perfunctory objections.

### A. Magistrate Judge Wang Properly Recommended Vacating the Default Judgments Against the Defendants.

Magistrate Judge Wang correctly found that Defendants' respective motions to vacate default judgment should be granted. Recall that a default judgment may be vacated for good cause after considering three elements: (1) "whether the defendant's default was willful;" (2) "whether setting aside the default would prejudice the adversary;" and (3) "whether a meritorious defense is presented." *McLean*, 624 F. App'x at 45.

As to the first element, Magistrate Judge Wang properly found that both groups of Defendants did not willfully default. Upon noting that willful default "requires more than 'mere negligence,' but must be satisfied through evidence of egregious or deliberate misconduct[,]" Magistrate Judge Wang correctly concluded that Dr. Matani's cancer diagnosis "clearly falls within the realm of excusable neglect." (Report at 5–6 (quoting *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005)).) She also reasonably found that Dr. Greenwald "had already ceded his

---

[4] Plaintiff also makes a number of accusations and conclusory allegations against Magistrate Judge Wang in his objections, without providing context or furnishing any evidence to support his contentions. (*See, e.g.*, Pl.'s Obj. ¶¶ 1–7.) There is nothing in the record to support his allegations regarding Magistrate Judge Wang's conduct during the proceedings. Accordingly, without more, Plaintiff's statements are overruled.

ownership share of Dental Associates and Greenwald & Matani PTR to Dr. Matani before Plaintiff even started employment with Manhattan Eyeworks[,]" so it was "therefore understandable that Dr. Greenwald would have deferred response to any suit against Dental Associates and Greenwald & Matani PTR to Dr. Matani." (*Id.* at 7.) The Employer Defendants failed to answer the complaint due to a mistake,[5] which Magistrate Judge Wang accurately concluded can form sufficient grounds to vacate a default judgment. (*Id.* at 11 (citing *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995); *U.S. v. Alongi*, 346 F. Supp. 2d 394, 395 (E.D.N.Y. 2004))). Thus, "in the absence of 'egregious or deliberate conduct[,]' *Green*, 420 F. 3d at 108," the Defendants' failure to respond does "not rise to the requisite level of willful default and weighs toward vacating default[,]" (Report at 12.)

As to the second element, Magistrate Judge Wang properly noted that "delay may weigh against vacating a default where the passage of time has resulted in 'the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collision." (*Id.* at 10 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).) She then accurately found that "any prejudice against plaintiff would be insubstantial" because he failed to assert that any witnesses are currently unavailable, with the exception of Dr. Matani, who would have also been unavailable at the time the complaint was filed due to his terminal illness. (*Id.* at 10–11 (citing *Davis*, 713 F.2d at 915).)

Finally, as to the third element, Magistrate Judge Wang properly found that both groups of Defendants present plausible meritorious defenses. (*Id.* at 10, 13.) To meet the standard for a meritorious defense, a defendant "need not establish his defense conclusively, but he must present

---

[5] In their motion to vacate, the Employer Defendants "allege they were advised that Plaintiff was incarcerated at the time of the complaint's filing, incorrectly assuming that this stayed any litigation until his release." (Report at 11; Employer Defs.' Mem. at 3.)

7

evidence of facts that, if proven at trial, would constitute a complete defense." *S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (internal citations and quotation marks omitted); *see also Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018). The Matani Defendants allege that Plaintiff does not have viable FLSA claims against them because he was never employed by Dr. Matani or any of his practices, and Plaintiff's federal discrimination and retaliation claims were not timely filed with the Equal Employment Opportunity Commission ("EEOC") and are now time barred. (Report at 8–9 (citing Matani Defs.' Mem. at 5–8).) The Employer Defendants also put forth several meritorious defenses, namely arguing that (1) Plaintiff's discrimination claims should be dismissed for failure to exhaust administrative remedies; (2) as a manager, Plaintiff was an exempt employee under the FLSA and NYLL and not entitled to overtime pay; (3) Plaintiff did not work the overtime hours alleged in the complaint; and (4) Plaintiff's claims are time barred. (*Id.* at 12–13; *see also* Employer Defs.' Mem. at 4.) Magistrate Judge Wang properly found that these proposed defenses meet the standard for a complete defense. (Report at 10, 13.)

Accordingly, Magistrate Judge Wang properly recommended that this Court vacate the default judgment against both groups of Defendants because Defendants have established good cause.

## IV. PLAINTIFF'S OBJECTIONS

### A. Magistrate Judge Wang has the Authority and Jurisdiction to Issue the Report.

Plaintiff claims that he "does not consent to Judge Wang [sic] jurisdiction" for a multitude of reasons. (Pl.'s Obj. at 1–3.) However, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). When a matter is dispositive of a party's claims, the magistrate judge must file proposed findings and recommendations, which a district judge reviews either *de novo* or for clear error. *See* 28 U.S.C.

8

§ 636(b)(1)(A)–(C); *see also* Fed. R. Civ. P. 72(b)(1)–(3). Where, as here, a district court judge refers a case to a magistrate judge, the magistrate judge may review all findings of fact and conclusions of law, and draft a report based on those findings. *See* 28 U.S.C. § 636(b)(1)(C).

This Court referred this *pro se* matter to Magistrate Judge Wang for general pretrial, dispositive motions, and subsequently an inquest on damages following default judgment, which was stayed pending the resolution of the motions to vacate. (*See* Mar. 6, 2018 Order of Reference to a Magistrate Judge, ECF No. 7; First Am. Order of Reference; Nov. 6, 2018 Am. Order of Reference to a Magistrate Judge, ECF No. 44.) Because a motion to vacate a default judgment is dispositive, Magistrate Judge Wang was well within her rights to conduct proceedings and draft a Report and Recommendation based on her findings. As such, Magistrate Judge Wang properly reviewed the record and issued a Report detailing her findings on the motions to vacate default judgment.

### B. Magistrate Judge Wang Properly Exercised Judicial Discretion in Striking Plaintiff's Submission.

Plaintiff further alleges that Magistrate Judge Wang violated his "First Amendments [sic] Rights to the United States Constitution Freedom of Speech and Freedom of Expression" by striking a document he filed on May 21, 2019 from the record. (Pl.'s Obj. at 2; Stricken Doc. at 83, ECF No. 83.) After the May 23, 2019 status conference, Magistrate Judge Wang issued an order reminding the parties to "treat each other with civility and respect," noting that "Plaintiff has already been warned regarding his prior practice of abusive emails towards Defendants' counsel." (Order re Stricken Doc. at 83, ECF No. 84, at 1.) Magistrate Judge Wang then directed the Clerk of Court to strike ECF No. 83 from the docket due to inflammatory language, but noted that "if/when the default judgment is vacated and litigation on the merits commences," Plaintiff may "re-submit the evidence, without inflammatory language." (*Id.* at 2.) This came after another

9

incident that took place on February 6, 2019, when Magistrate Judge Wang struck Plaintiff's request for a protective order against defense counsel Joshua Weiner Esq. from the docket. (Stricken Doc. at 74, ECF No. 74.) Plaintiff argued that Mr. Weiner was racist and had been harassing him during their regular correspondence as a result. (Order re Request for Protective Order Against Def.'s Counsel Joshua Weiner, Esq. for Racism, ECF No. 78.) Magistrate Judge Wang found Plaintiff's allegations to be without merit because there was "nothing in the email communications to suggest that Mr. Weiner . . . acted with a 'racist demeanor.'" (*Id.* at 1–2.) She thus urged the parties and their counsel "to treat each other with courtesy and civility." (*Id.* at 2.)

A private citizen may state a claim for "First Amendment retaliation against a public official" by pleading and proving "(1) he engaged in speech protected by the First Amendment; (2) [. . . his] actions were motivated or substantially caused by his exercise of that right; and (3) there was a resultant and 'actual chill[ing]' of his exercise of that constitutional right." *Rathbun v. DiLorenzo*, 438 F. App'x 48, 49 (2d Cir. 2011) (citing *Curley v. Vill. Of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)). None of these factors apply to the case at hand.

Here, Plaintiff's first amendment rights were not violated because his speech was not "chilled." Instead, Magistrate Judge Wang struck ECF No. 83 to preserve the civility of the proceedings, and even granted Plaintiff leave to re-file. (Order re Stricken Doc. at 83 at 2.) Indeed, it is well within Magistrate Judge Wang's power to do so: "It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases." *In re World Trade Cent. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). There was repeated back and forth between Plaintiff, as a *pro se* litigant, and defense counsel. Given the obvious tension between the parties, Magistrate Judge Wang's request for Plaintiff to

file letters with respectful language was reasonable. Accordingly, Plaintiff's First Amendment rights were not violated because Magistrate Judge Wang never hindered Plaintiff's speech; she merely requested that the parties interact with one another in a civilized fashion to better facilitate the proceedings. *See Rathbun*, 438 F. App'x at 49.

## V. CONCLUSION

Plaintiff's objections are OVERRULED. Magistrate Judge Wang's Report is ADOPTED. The Matani and the Employer Defendants' motions to vacate the default judgment, (ECF Nos. 36, 49), are GRANTED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
August 21, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge