UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD FARMER,<br><br>   Plaintiff,<br><br>v.<br><br>FZOAD.COM ENTERPRISES INC., d/b/a MANHATTAN EYEWORKS, d/b/a CHELSEA VISION ASSOCIATES, DENTAL ASSOCIATES OF NEW YORK LLP, GREENWALD & MATANI PTR, DAVID FOREST GROSS, MUNKUND J. MATANI, and GARY GREENWALD<br><br>   Defendants. | Civil Action No.: 17-cv-9300 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FZOAD.COM ENTERPRISES, INC.  D/B/A MANHATTAN EYEWORKS D/B/A CHELSEA VISION ASSOCIATES AND DAVID FOREST GROSS  MOTION TO DISMISS COUNTS VI, VII, VIII, X, XIII AND XIV OF THE PLAINTIFF'S COMPLAINT**

              **August 30, 2019**

              **COUGHLIN DUFFY LLP**
              350 Mount Kemble Avenue
              Morristown, NJ 07962-1917
              (973) 267-0058
              *Attorneys for Defendants*
              *Attorneys for Fzoad.com Enterprises, Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision Associates and David Forest Gross*

Joshua L. Weiner, Esq.
  On the Brief

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

STANDARD OF REVIEW ON A MOTION TO DISMISS ................................................. 2

LEGAL ARGUMENT

**POINT ONE**
PLAINTIFF'S CLAIMS OF DISCRIMINATION/RETALIATION (COUNT XIV) SHOULD BE DISMISSED AS A RESULT OF HIS FAILURE TO FOLLOW ADMINISTRATIVE REMEDIES OR SUFFICIENTLY PLEAD A RIGHT TO RELIEF ................................................................................................................... 3

**POINT TWO**
PLAINTIFF'S RETALIATION CLAIM UNDER NEW YORK LABOR LAW § 740 (COUNT X) SHOULD BE DISMISSED FOR FAILING TO FILE WITHIN THE STATUTE'S ONE-YEAR STATUTE OF LIMITATIONS AND FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW ............................................................. 9

**POINT THREE**
PLAINTIFF'S COMMENCEMENT OF AN ACTION UNDER § 740 ACTS AS AN EXPRESS WAIVER OF ALL OF HIS ASSERTED RETALIATION CLAIMS (COUNTS VIII AND XIII) IN THE COMPLAINT ................................................ 10

**POINT FOUR**
PLAINTIFF'S RETALIATION CLAIM UNDER NEW YORK LABOR LAW § 215 (COUNT XIII) SHOULD BE DISMISSED UNDER THE STATUTE'S TWO-YEAR STATUTE OF LIMITATIONS AND FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW ................................................................................................. 11

**POINT FIVE**
AN EMPLOYEE HAS NO PRIVATE CAUSE OF ACTION UNDER NEW YORK LABOR LAW § 612 FOR DEFENDANTS' ALLEGED FAILURE TO PROVIDE HIM WITH A MEAL PERIOD (COUNT VII) OR UNDER NEW YORK LABOR LAW § 195(4) FOR THEIR ALLEGED FAILURE TO MAINTAIN WAGE AND HOUR RECORDS (COUNT VI) ................................................................................ 11

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................................2

Butts v. City of New York Dept. of Housing,
   990 F.2d 1397 (2d Cir. 1993) .............................................................................................3

Caesar v. Riverbay Corp.,
   2017 U.S. Dist. LEXIS 214080 (S.D.N.Y. Dec. 27, 2017) .................................................8

Charite v. Duane Reade, Inc.,
   120 A.D.3d 1378 (N.Y. App. Div. 2014) .........................................................................10

Cherry v. City of New York,
   381 Fed.Appx. 57 (2d Cir. 2010) .......................................................................................3

Fanelli v. New York,
   51 F.Supp.3d 219 (E.D.N.Y. 2014) ...................................................................................3

Farmer v. Patino,
   No. 18-cv-01435 (AMD)(LB) (E.D.N.Y March 6, 2018) ...............................................12

Figueroa v. RSquared NY, Inc.,
   89 F.Supp.3d 484 (E.D.N.Y. 202) .....................................................................................8

Fitzgerald v. Henderson,
   251 F.3d 345 (2d Cir. 2001) ...............................................................................................3

Garner v. China Nat. Gas, Inc.,
   71 A.D.3d 825 (N.Y. App. Div. 2010) .............................................................................11

Gaube v. Day Kimball Hosp.,
   2015 U.S. Dist. LEXIS 36506 (D.Conn. March 24, 2015) ................................................7

Guerra v. Jones,
   421 Fed.App'x. 15 (2d Cir. 2011) ......................................................................................7

Halas v. Ford Motor Co.,
   987 F.Supp. 227 (W.D.N.Y. 1997) ....................................................................................3

Hopkins v. Autozone, Inc.,
   1999 U.S.App. LEXIS 9071 (7th Cir. May 7, 1999) .........................................................4

Hurd v. New York City Health and Hosp. Corp.,
    2008 U.S. Dist. LEXIS 125027 (S.D.N.Y. May 20, 2008)......................................................4

Jackson v. N.Y.S. Dept. of Labor,
    709 F.Supp.2d 218 (S.D.N.Y. 2010)................................................................................2

Katz v. City of Aurora,
    85 F.Supp.2d 1012 (D.Col. 2000)...................................................................................4

Kelley v. Sun Microsystems, Inc.,
    520 F.Supp. 388 (D.Conn. 2007).....................................................................................8

Klein v. Metropolitan Child Servs., Inc.,
    100 A.D.3d 708 (N.Y. App. Div. 2012) .........................................................................10

Mario v. P&C Food Mkts., Inc.,
    313 F.3d 758 (2d Cir. 2002)..............................................................................................8

McGrane v. Reader's Giest Ass'n,
    822 F.Supp. 1044 (S.D.N.Y. 1993) ...............................................................................10

Mohan v. La Rue Distributor's Inc.,
    2007 U.S. Dist. LEXIS 80601 (E.D.N.Y. Oct. 30, 2007)..............................................7

Mumin v. Uber Techs., Inc.,
    239 F.Supp.3d 507 (E.D.N.Y. 2017) .............................................................................12

O'Neal v. Marine Midland Bank, N.A.,
    848 F.Supp. 413 (W.D.N.Y. 1994) .................................................................................6

Ormiston v. Nelson,
    117 F.3d 69 (2d Cir. 1997)................................................................................................3

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67 (2d Cir. 1998)................................................................................................2

Patane v. Clark,
    508 F.3d 106-07 (2d Cir. 2007) .......................................................................................8

Pipa v. Nassau County,
    34 A.D.3d 664 (N.Y. App. Div. 2006) ..........................................................................10

Remba v. Federation Employment and Guidance Service,
    76 N.Y.2d 801 (N.Y. 1997) ...........................................................................................10

Rice v. Smithtown Volkswagen,
    321 F.Supp.3d 375 (E.D.N.Y. 2018) ..............................................................................8

Romero v. DHL Express, Inc.,
   2015 U.S. Dist. LEXIS 36974 (S.D.N.Y. March 24, 2015) ......................................................11

Rosario v Sterling Entm't, LLC,
   2009 U.S. Dist. LEXIS 134274 (S.D.N.Y. April 17, 2009) ......................................................4

Sanchez v. Nat'l Cleaning Co.,
   11 F.Supp.2d 453 (S.D.N.Y. 1998) ...............................................................................................5

Sherlock v. Montefiore Med. Ctr.,
   84 F.3d 522 (2d Cir. 1995)..............................................................................................................6

Szewczyk v. City of New York,
   2018 U.S. Dist. LEXIS 168231 (E.D.N.Y. Sept. 28, 2018).......................................................7

Tiberio v. Allergy Asthma Immunology of Rochester,
   664 F3d 35 (2d Cir. 2011)...............................................................................................................6

Watson v. Las Vegas Valley Water Dist.,
   350 Fed.Appx. 174 (9th Cir. 2009)................................................................................................4

Zerilli-Edelglass v. New York City Transit Auth.,
   333 F.3d 74 (2d Cir. 2003)........................................................................................................3, 5

**Statutes**

29 U.S.C. 630(b) ........................................................................................................................................7

29 U.S.C. § 626(d) ....................................................................................................................................3

42 U.S.C. 2000e-2(a)(1) .........................................................................................................................6

42 U.S.C. § 2000e-5(e)(1).....................................................................................................................3

42 U.S.C. § 2000e-5(f)(1)......................................................................................................................5

42 U.S.C. § 2000e(b) ..............................................................................................................................7

42 U.S.C. § 12117(a) ...............................................................................................................................3

Age Discrimination in Employment Act ................................................................................................1

Americans with Disabilities Act ...............................................................................................................1

Civil Rights Act of 1964 Title VII...........................................................................................................1

New York Labor Law § 195(4) ..................................................................................................1, 11, 12

New York Labor Law § 215 .............................................................................................................1, 11


New York Labor Law § 612 ............................................................................................... 1, 11

New York Labor Law § 740 ............................................................................................. 1, 9, 10

**Other Authorities**

Fed.R.Civ.P. 15(c)(1) ............................................................................................................ 5

Fed.R.Civ.P. 12(b)(6) ................................................................................................... 1, 2, 12

## PRELIMINARY STATEMENT

Defendants FZOAD.com Enterprises, Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision Associates ("Manhattan Eyeworks") and its owner, defendant David Forest Gross hereby move to dismiss Counts VI, VII, VIII, X, XIII and XIV of the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim as a matter of law. Plaintiff alleges that, as an employee of defendants FZOAD.com Enterprises, Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision Associates ("Manhattan Eyeworks") and its owner, defendant David Forest Gross (collectively referred to herein as "Defendants"), he was, *inter alia*: (1) not provided meal breaks in violation of New York Labor Law § 612 (Count VII)[1]; (2) retaliated against in violation of the Fair Labor Standards Act ("FLSA") (Count VIII); (3) retaliated against in violation of New York Labor Law § 740 (Count X)[2]; (4) retaliated against in violation of New York Labor Law § 215 (Count XIII); and (5) discriminated and retaliated against in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") (Count XIV).

As detailed below, Counts VI, VII, VIII, X, XIII and XIV fail as a matter of law for a variety of reasons, none of which are curable through the filing of an amended pleading, and accordingly should be dismissed with prejudice.

---

[1] Plaintiff also alleges that Defendants failed to adequately maintain employees' wage and hour records in violation of New York Labor Law § 195(4) (Count VI).

[2] While Plaintiff does not cite to NYLL § 740 in his Complaint, Count X of Plaintiff's Complaint alleges being "wrongfully terminated from his employment . . . for engaging in a protected activity," and NYLL § 740 is the only remaining statutory provision under New York law that would arguably apply.

## FACTUAL BACKGROUND

Defendants will rely upon the allegations set forth in Plaintiff's Complaint.[3]

## STANDARD OF REVIEW ON A MOTION TO DISMISS

In evaluating a motion to dismiss pursuant to Rule 12(b)(6) the courts apply a "plausibility standard" guided by two working principles. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679. This standard applies whether or not the complaint was drafted by an attorney or a *pro se* litigant. See Jackson v. N.Y.S. Dept. of Labor, 709 F.Supp.2d 218, 224 (S.D.N.Y. 2010)

An affirmative defense, such as the expiration of an applicable statute of limitations, may be raised in a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).

---

[3] Defendants deny Plaintiff's allegations. Nevertheless, Defendants accept the factual allegations of Plaintiff's Complaint as true for purposes of this motion.

1636275_1.docx

# LEGAL ARGUMENT

## POINT ONE

### PLAINTIFF'S CLAIMS OF DISCRIMINATION/RETALIATION (COUNT XIV) SHOULD BE DISMISSED AS A RESULT OF HIS FAILURE TO FOLLOW ADMINISTRATIVE REMEDIES OR SUFFICIENTLY PLEAD A RIGHT TO RELIEF

**A.  Failure to File Charge Within 300 Day Deadline**

Count XIV of Plaintiff's Complaint, which appears to allege discrimination and/or retaliation in violation of the ADEA, ADA and Title VII, fails as a matter of law as a result of Plaintiff's failure to file this lawsuit within ninety (90) days upon receipt of the Notice of Right to Sue issued by the EEOC (the "Notice"). (ECF Docket No. 81).  Even more to the point, Plaintiff's charge of discrimination with the EEOC, which does not appear to name the Defendants, was not filed within the required three-hundred (300) days after the termination of his employment on April 28, 2015 the date alleged in his Complaint.  See Plaintiff's Complaint at ¶ 91; see also 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a).

"Courts in this circuit have construed the 300-day statute of limitations strictly." Halas v. Ford Motor Co., 987 F.Supp. 227, 230 (W.D.N.Y. 1997). "A litigant must have filed a timely charge . . .with the [EEOC] and corresponding state agencies as a condition precedent to the filing of an action in federal court pursuant to the [ADEA], [ADA] and [Title VII]." Cherry v. City of New York, 381 Fed.Appx. 57, 58 (2d Cir. 2010).[4] "When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred," Butts v. City of New York Dept. of Housing, 990 F.2d 1397, 1401 (2d Cir. 1993), requiring its dismissal with prejudice.  Fanelli v. New York,

---

[4] The Complaint does not contain any allegation that Plaintiff was "prevented in some extraordinary manner from exercising his rights" to timely file his EEOC charges which would trigger equitable tolling, Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003), and does not assert (nor could it) the continuing violation doctrine.  See Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001).  Moreover, "mere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations." Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997).

51 F.Supp.3d 219, 227 (E.D.N.Y. 2014); Hamzik v. Office for People with Developmental Disabilities, 259 F.Supp.2d 265, 277 (N.D.N.Y. 2012).

For instance, in Rosario v Sterling Entm't, LLC, 2009 U.S. Dist. LEXIS 134274 (S.D.N.Y. April 17, 2009), the *pro se* plaintiff filed her race discrimination charge with the EEOC three hundred and two (302) days after the termination of her employment.  The district judge held that "even *pro se* litigants are bound by the time requirements of Title VII," and regardless of his "ignorance of the law" and the customary "deference granted to pro se plaintiffs," plaintiff's complaint nonetheless mandated dismissal "because he filed his charge of discrimination with the EEOC after the expiration of the three-hundred-day limitations period required by Title VII."  Rosario, 2009 U.S. Dist. LEXIS 134274 at *7-8; see also Watson v. Las Vegas Valley Water Dist., 350 Fed.Appx. 174, 175 (9th Cir. 2009) (ruling that *pro se* plaintiff's ADA complaint was to be dismissed as a result of his having filed the EEOC charge *two days after* the 300 day statutory deadline); Hopkins v. Autozone, Inc., 1999 U.S.App. LEXIS 9071 at *2-3 (7th Cir. May 7, 1999) (dismissing *pro se* plaintiff's ADA complaint because his EEOC charge was filed *one day after* the 300 day filing period); Hurd v. New York City Health and Hosp. Corp., 2008 U.S. Dist. LEXIS 125027 (S.D.N.Y. May 20, 2008) (dismissing *pro se* plaintiff's Title VII claim because he had missed the statutory filing period for the EEOC charge by *two days*); Katz v. City of Aurora, 85 F.Supp.2d 1012, 1025-26 (D.Col. 2000) (dismissing plaintiff's ADEA complaint because the EEOC charge was filed *one day after* the 300 day statute of limitations).

As alleged in the Complaint, Plaintiff's employment was terminated on April 28, 2015, meaning he had until February 22, 2016 (300 days later) to file a charge with the EEOC. However, as is apparent from the date stamped on the charge documents provided by Plaintiff,

he did not file his EEOC charge until February 24, 2016, two (2) days after the three-hundred day statutorily-imposed deadline had expired.[5]

As Plaintiff did not file his EEOC charge within the required statute of limitations, it is respectfully submitted that this Court dismiss Plaintiff's claims for discrimination/retaliation under Title VII, the ADEA and ADA as asserted Count XIV of the Complaint.[6]

### B. Failure to File Complaint Within 90 Days of Issuance of the Right to Sue Letter

The Notice informing Plaintiff of his right to sue Defendants within ninety (90) days of receipt was issued and sent by the EEOC on April 20, 2016. (ECF Docket No. 81). Plaintiff was required by statute to have filed his Complaint within that ninety-day period. 42 U.S.C. § 2000e-5(f)(1). This explicit deadline is strictly applied regardless of whether the plaintiff is represented by legal counsel or proceeding *pro se*. See Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 78 (2d Cir. 2003) (affirming dismissal of a complaint received by the pro se office two days after plaintiff's receipt of the right to sue notice); see also Sanchez v. Nat'l Cleaning Co., 11 F.Supp.2d 453, 455 (S.D.N.Y. 1998) (same). However, rather than filing within the statutorily-mandated timeframe, Plaintiff did not file his Complaint until November 27, 2017, more than eighteen (18) months after the Notice was issued and sent to Plaintiff. (ECF Docket No. 2).[7]

---

[5] Indeed, the EEOC readily acknowledged the untimely nature of Plaintiff's charge, as the Notice expressly states that the EEOC was closing its file on the charge because it "was not timely filed with the EEOC." (ECF Docket No. 81).

[6] Though neither expressly nor implicitly alleged in the Complaint, Plaintiff cannot seek refuge in amending his Complaint to assert discrimination/retaliation claims under the New York State Human Rights Law ("NYHRL") or the New York City Human Rights Law ("NYCHRL"), as the three (3) year statutes of limitations governing each law expired on April 28, 2018, and any such amendment would not relate back to the date of the filing of the original Complaint. See Fed.R.Civ.P. 15(c)(1).

[7] It does not even appear that the EEOC acknowledged receipt of Plaintiff's charge against the Defendants, as it seems only to have received and assigned a case number to Plaintiff's charge against the co-defendants in this matter. Either way, Plaintiff does not allege that he took any action or engaged in a single act of due diligence to

1636275_1.docx

5

Plaintiff appears to allege that he did not receive the Notice until <u>after</u> his Complaint had been filed. (ECF Docket No. 81). While it is true that the ninety-day deadline does not begin to run until the plaintiff receives a right-to-sue notice, absent proof to the contrary, courts follow the presumption that a right-to-sue notice was: (1) mailed on the date shown on the notice; and (2) "received three days after its mailing." <u>Tiberio v. Allergy Asthma Immunology of Rochester</u>, 664 F3d 35, 37 (2d Cir. 2011); <u>Sherlock v. Montefiore Med. Ctr.</u>, 84 F.3d 522, 525 (2d Cir. 1995). Moreover, under the "fault doctrine," a plaintiff "must take reasonable steps to ensure h[is] actual receipt of a right to sue letter; otherwise, []he will be deemed to receive the letter when it arrives at the most recent address that []he provided to the EEOC." <u>O'Neal v. Marine Midland Bank, N.A.</u>, 848 F.Supp. 413, 418 (W.D.N.Y. 1994).

In the matter herein, it is clear that the EEOC mailed the Notice to Plaintiff at the address he provided to it in the charge documents. (ECF Docket No. 81). Plaintiff fails to provide any rationale or reason as to why he never received a copy of the Notice at the listed address, <u>id.</u>, nor does he explain why he waited until nearly <u>three years after</u> he had initially filed the charge to engage in any semblance of due diligence to ascertain the status of his claims with the EEOC.

Accordingly, it is respectfully submitted that Plaintiff's Complaint be dismissed for his failure to file within the required ninety (90) days following his receipt of the Notice.

### C. **Defendant Manhattan Eyeworks Does Not, Nor Has it Ever Employed Fifteen (15) or More Employees**

Title VII makes it unlawful for any *employer* ". . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 <u>U.S.C.</u> 2000e-2(a)(1). The

---

determine the status of his EEOC charges until February 1, 2019, nearly <u>three years after</u> filing the charges and <u>more than one year after</u> the filing of his Complaint.

1636275_1.docx

word "employer," in turn, is limitedly defined by the statute to those employers with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The same definition applies to employers under the ADA. Under the ADEA, the definition of "employer" is similarly limited to those with "*twenty* or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. 630(b) (emphasis added).

Plaintiff's Complaint is devoid of a single allegation or reference regarding the number of individuals employed by Manhattan Eyeworks. The reason for this omission is plain, as Plaintiff very well knows that the company employed no more than five (5) people during the course of his employment. See Declaration of David F. Gross ("Gross Decl.") at ¶ 1. Indeed, Manhattan Eyeworks has never employed more than seven (7) people at any point in its existence. Id. at ¶ 2. Plaintiff's inability to accurately plead in his Complaint the number of individuals Manhattan Eyeworks employed during the course of his employment (or at all for that matter) is a substantial defect requiring its dismissal. Gaube v. Day Kimball Hosp., 2015 U.S. Dist. LEXIS 36506 at *22-23 (D.Conn. March 24, 2015); Mohan v. La Rue Distributor's Inc., 2007 U.S. Dist. LEXIS 80601 at *3-4 (E.D.N.Y. Oct. 30, 2007).

### D. Failure to Raise a Right to Relief

Notwithstanding Plaintiff's failure to exhaust his administrative remedies by filing the required charge with the EEOC, his Complaint also fails to assert a right to relief against Defendants under either the ADEA, ADA or Title VII.[8] To plead a cause of action for discrimination, Plaintiff's Complaint must "include[] factual allegations sufficient to raise a right

---

[8] Plaintiff indicates that his discrimination/retaliation claims are against all "Defendants," including defendant Gross. However, "[i]ndividuals are not subject to liability under Title VII, the ADA, and the ADEA." Szewczyk v. City of New York, 2018 U.S. Dist. LEXIS 168231 at * 15-16 (E.D.N.Y. Sept. 28, 2018); Guerra v. Jones, 421 Fed.App'x. 15, 17 (2d Cir. 2011).

1636275_1.docx

to relief [for discrimination] above the speculative level." Figueroa v. RSquared NY, Inc., 89 F.Supp.3d 484, 489 (E.D.N.Y. 202).  To that end, the Complaint must contain sufficient facts to plead a prima facie case.  Rice v. Smithtown Volkswagen, 321 F.Supp.3d 375, 385 (E.D.N.Y. 2018).  Under the ADEA, ADA, and Title VII, a prima facie case requires a plaintiff to, *inter alia*, demonstrate that he/she is in a "protected category" under the applicable statute.  Caesar v. Riverbay Corp., 2017 U.S. Dist. LEXIS 214080 at * 10-11 (S.D.N.Y. Dec. 27, 2017).

In the matter herein, at no point does Plaintiff's Complaint allege that he is in any protected category under Title VII (race, religion, national origin, etc.).  In fact, the Complaint is devoid of a single allegation regarding same.  The Complaint similarly does not mention his age (ADEA) nor does it allege any disability from which Plaintiff suffers (ADA).  The Complaint also does not allege any discriminatory statements or conduct attributable to the Defendants.  Simply put, the Complaint, while alleging "harassment," does not even attempt to identify a protected category to which he is a member, let alone how his termination occurred under circumstances giving rise to an inference of discrimination based on his membership in a protected category.   See Patane v. Clark, 508 F.3d 106-07 (2d Cir. 2007); Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 767 (2d Cir. 2002);

Likewise, the Complaint fails to make a single allegation that Plaintiff engaged in "protected activity" under the ADEA, ADA or Title VII such that he was the victim of retaliation under any of these statutes.  As part of their prima facie case, it is incumbent upon retaliation plaintiffs to establish that they engaged in "protected activity," such as objecting to or refusing to engage in any conduct on the part of the employer that they believed to be in violation of the corresponding statute (ADEA, ADA, or Title VII).  Kelley v. Sun Microsystems, Inc., 520 F.Supp. 388, 402-03 (D.Conn. 2007).

Here, the Complaint does not contain any allegation that Plaintiff engaged in protected activity under the ADEA, ADA, or Title VII. At no point does the Complaint even contend that Defendants ever engaged in conduct or activity that he believed to be violative of those statutes, let alone that he ever objected to or refused to engage in such conduct or activity.

Accordingly, Count XIV of the Complaint fails to state a cause of action under Title VII, the ADEA and ADA as a matter of law.

## POINT TWO

### PLAINTIFF'S RETALIATION CLAIM UNDER NEW YORK LABOR LAW §740 (COUNT X) SHOULD BE DISMISSED FOR FAILING TO FILE WITHIN THE STATUTE'S ONE-YEAR STATUTE OF LIMITATIONS AND FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW

**A. NYLL § 740 is Governed by a One-Year Statute of Limitations**

Under New York Labor Law § 740, a plaintiff must file a claim for retaliation "within one year after the alleged retaliatory personnel action was taken." New York Labor Law § 740(4)(a). Plaintiff alleges that his employment with Defendants was severed on April 28, 2015. Yet Plaintiff did not file his Complaint with this court until November 27, 2017, more than 2 ½ years later and 1 ½ years after the expiration of § 740's clear and express statute of limitations.

**B. Count X Fails to State a Cause of Action Under NYLL § 740**

§ 740 is a very limited statute that is intended to cover only a very narrow set of whistleblower claims. Specifically, § 740 bars an employer from taking any retaliatory action against an employee who discloses, threatens to disclose, or objects to any activity, policy or practice of the employer that "is in violation of a law, rule or regulation which violation creates and presents a *substantial and specific danger to the public health or safety, or which constitutes health fraud."* New York Labor Law § 740(2) (emphasis added). Purported financial

improprieties and dealings on the part of the employer do not rise to the level of posing a "substantial and specific danger to the public health or safety," and thus are insufficient at establishing a retaliation claim under § 740.  Remba v. Federation Employment and Guidance Service, 76 N.Y.2d 801, 802 (N.Y. 1997); Klein v. Metropolitan Child Servs., Inc., 100 A.D.3d 708, 710 (N.Y. App. Div. 2012); Pipa v. Nassau County, 34 A.D.3d 664, 666 (N.Y. App. Div. 2006); McGrane v. Reader's Giest Ass'n, 822 F.Supp. 1044, 1051 (S.D.N.Y. 1993).

Plaintiff's Complaint, as it relates to Defendants, limits his protected activity to his informing Defendants about his prior FLSA complaint against another employer as well as his purported complaints about not being paid appropriate overtime, straight time and spread of hours pay in violation of the New York Labor Law.  None of the foregoing concerns alleged to have been raised by Plaintiff constitute a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety.  See, Remba, supra.  Accordingly, Plaintiff's § 740 claim fails as a matter of law.

### POINT THREE

**PLAINTIFF'S COMMENCEMENT OF AN ACTION UNDER § 740 ACTS AS AN EXPRESS WAIVER OF ALL OF HIS ASSERTED RETALIATION CLAIMS (COUNTS VIII AND XIII) IN THE COMPLAINT**

"[T]he institution of an action [under § 740] shall be deemed a waiver of the rights and remedies available under any . . . law, rule or regulation or under the common law."  New York Labor Law § 740(7).  This waiver applies to causes of action arising out of or relating to the same underlying claim of retaliation."  Charite v. Duane Reade, Inc., 120 A.D.3d 1378, 1378 (N.Y. App. Div. 2014).  Even if dismissed, "[t]he mere *commencement* of an action under Labor Law § 740(4) thus acts as an election of remedies, waiving other causes of action relating to the alleged retaliatory discharge."  Pipa v. Nassau County, 34 A.D.3d 664, 667 (N.Y. App. Div.

1636275_1.docx

2006) (emphasis added); accord Garner v. China Nat. Gas, Inc., 71 A.D.3d 825, 827 (N.Y. App. Div. 2010).

Based on the foregoing, it is respectfully submitted that Plaintiff's retaliation claims pursuant to Counts VIII (FLSA) and XIII (NYLL § 215) of the Complaint be dismissed with prejudice pursuant to § 740(7)'s clear and express waiver provision.

## POINT FOUR

### PLAINTIFF'S RETALIATION CLAIM UNDER NEW YORK LABOR LAW § 215 (COUNT XIII) SHOULD BE DISMISSED UNDER THE STATUTE'S TWO-YEAR STATUTE OF LIMITATIONS AND FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW

A retaliation claim under § 215 must be filed "within two years after" the retaliatory conduct occurred. New York Labor Law § 215(2)(a). As set forth above, Plaintiff alleges that his employment with Defendants was severed on April 28, 2015. Yet Plaintiff did not file his Complaint with this Court until November 27, 2017, more than 2 ½ years later and more than half a year after the expiration of § 215's clear and express statute of limitations. It is thus respectfully requested that Count XIII of the Complaint be dismissed with prejudice.

## POINT FIVE

### AN EMPLOYEE HAS NO PRIVATE CAUSE OF ACTION UNDER NEW YORK LABOR LAW § 612 FOR DEFENDANTS' ALLEGED FAILURE TO PROVIDE HIM WITH A MEAL PERIOD (COUNT VII) OR UNDER NEW YORK LABOR LAW §195(4) FOR THEIR ALLEGED FAILURE TO MAINTAIN WAGE AND HOUR RECORDS (COUNT VI)

There is no private cause of action for an employer's alleged violation of New York Labor Law § 612. Hill v. City of New York, 136 F. Supp.3d 304, 351 (E.D.N.Y. 2015). Such violations are left to the exclusive jurisdiction of the New York Commissioner of Labor. Romero v. DHL Express, Inc., 2015 U.S. Dist. LEXIS 36974 at *18 (S.D.N.Y. March 24, 2015).

Likewise, "nothing in the NYLL authorize[s] an independent cause of action based on a violation of § 195(4)." Mumin v. Uber Techs., Inc., 239 F.Supp.3d 507, 534-35 (E.D.N.Y. 2017), quoting Carter v. Tuttnaeur U.S.A. Co., 78 F.Supp.3d 564, 570-71 (E.D.N.Y. 2015).

As Plaintiff has no private right of action under either §§ 162 or 195(4) of the New York Labor Law, it is respectfully requested that Counts VI and VII of the Complaint be dismissed with prejudice.[9]

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that Counts VI, VII, VIII, X, XIII and XIV of Plaintiff's Complaint be dismissed with prejudice.

Dated:

        Respectfully submitted,

        **COUGHLIN DUFFY LLP**

By:_____
        Joshua L. Weiner, Esq.
        350 Mt. Kemble Avenue
        P.O. Box 1917
        Morristown, NJ 07962
        Tel: (973) 631-6020
        Fax: (973) 267-6442
        Email: jweiner@coughlinduffy.com
        *Attorneys for Fzoad.com Enterprises, Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision Associates and David Forest Gross*

---

[9] Plaintiff similarly asserted causes of action under NYLL § 162 and § 195(4) in another matter he filed *pro se* against a former employer, which the Honorable Ann M. Donnelly U.S.D.J. recently dismissed pursuant to FRCP 12(b)(6) for failure to state a claim as a matter of law. See Farmer v. Patino, No. 18-cv-01435 (AMD)(LB) (E.D.N.Y March 6, 2018) (ECF Docket No. 33).

1636275_1.docx