UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                  :

RICHARD FARMER,                :

             Plaintiff,    :        17-CV-9300 (GBD) (OTW)

                  :

      -against-       :       **REPORT AND RECOMMENDATION**

                  :

FZOAD.COM ENTERPRISES INC., et al.,  :

                  :

             Defendants.   :

                  :
---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**TO THE HONORABLE GEORGE B. DANIELS, United States District Judge,**

I.    **Introduction**

Defendants Fzoad.com Enterprises Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision

Associates, and David Forest Gross (collectively, the "Employer Defendants") move to partially

dismiss the Amended Complaint, and Defendants Mukund Matani[1], Gary Greenwald, Dental

Associates of New York LLP, and Greenwald & Matani PTP (collectively, the "Matani

Defendants") move to dismiss all claims against them.[2] (ECF 98, 101). For the reasons described

in this Report and Recommendation, I recommend that the motions to dismiss be **GRANTED**.

The remaining claims would be Count I (FLSA overtime violation), Count II (NYLL overtime

violation), Count IV (NYLL failure to provide wage notice at the time of hiring), Count V (NYLL

---

[1] Since the filing of the original complaint, Matani has passed away. Plaintiff has not substituted Matani's estate.

[2] There are additional defendants in the action who did not join the Employer Defendants' motion: Frank Christian Fico, Marina Kleyman. Although the Employer Defendants' Reply notes that Fico and Kleyman join in the Reply, it is unclear whether Fico or Kleyman were ever served. (ECF 115).

paystub violation), and Count XII (conversion) against the Employer Defendants only. All claims against the Matani Defendants should be dismissed.

## II.    Facts & Procedural History

The following facts are taken from the Amended Complaint (ECF 93).

Plaintiff was a sales clerk at Manhattan Eyeworks from August 15, 2014 to April 28, 2015.[3] *See, e.g.*, Am. Compl. ¶ 7. The corporate structure of the Manhattan Eyeworks Inc., Fzoad.com Enterprises, Triple Vision Optical, and 3 Eyed Optical, Inc is not clear from the pleadings, but appear to be entities co-owned by Defendant David Forrest Gross, Frank Fico, and Marina Kleyman. Am. Compl. ¶ 13. The Employer Defendants allegedly leased office space from Defendant Dental Associates of New York LLC ("Dental Associates"), which was allegedly owned, in turn, by Defendants Mukund Matani and Gary Greenwald.[4] Having clarified these cast of characters, the Court now turns to the facts underlying the claims.

### A.    Plaintiff's FLSA and NYLL Claims

In the Amended Complaint, Plaintiff disclaims he was ever a manager at Manhattan Eyeworks. Am. Compl. ¶¶ 136-41. However, he also states that Defendant Gross introduced Plaintiff as a manager. Am. Compl. ¶ 48. Throughout his employment, Plaintiff claims he worked "72.00 hours a week" at $14.00 an hour. Am. Compl. ¶ 143. Plaintiff's employers,

---

[3] Plaintiff is not consistent in pleading his last date of employment with Manhattan; he states it is April 27 and April 28, 2015. Because many of Plaintiff's claims run from the last day of employment, the Court will assume it is April 28, 2015, an inference in Plaintiff's favor.

[4] The Matani Defendants also argue that Greenwald, a Matani Defendant, is not a proper defendant because Greenwald sold his interest in Dental Associates and Greenwald & Matani PTR before Plaintiff started his employment with Manhattan Eyeworks. (ECF 102). In examining a motion a dismiss, a court is generally limited to the pleadings and documents refenced. *See Pehlivanian v. China Gerui Advanced Materials Grp., Ltd*, 153 F. Supp. 3d 628, 642 (S.D.N.Y. 2015). The Court need not reach the question of whether Greenwald is a proper defendant, because it recommends that all claims against the Matani Defendants be dismissed.

whom Plaintiff claims are both the Employer Defendants and the Matani Defendants, purportedly did not pay Plaintiff in compliance with the federal and state labor laws. Am. Compl. ¶¶ 144-46. Plaintiff further alleges Defendants did not provide him a sufficient meal period. Am. Compl. ¶¶ 239-43. Plaintiff confronted Defendant Gross about his compensation, but Defendant Gross lacked the funds to pay Plaintiff. Am. Compl. ¶¶ 147-150. Defendant Gross terminated Plaintiff on or around April 28, 2015. Am. Compl. ¶ 161.

### B.    Plaintiff's Discrimination Claims

Manhattan Eyeworks shared office space with its sub-lessor Dental Associates. Am. Compl. ¶ 37. Plaintiff alleges that because Matani was the alleged landlord of Manhattan Eyeworks, Matani used this relationship to influence the Employer Defendants. *See, e.g.*, Am. Compl. ¶¶ 43, 50-51, 95.

Plaintiff further alleges that Dental Associates employees (*i.e.* Matani Defendants) harassed Plaintiff through "verbal and psychological abuse" in a failed-attempt to get him to quit. Am. Compl. ¶¶ 112, 122-34.

Plaintiff alleges he witnessed Matani sexually harassing optical staff employees, and that Plaintiff reported this harassment to Defendant Gross. Am. Compl. ¶¶ 151-53, 158-59. Plaintiff alleges that because he reported the incident to Gross, Matani used the extension of the commercial lease as "leverage against Defendant Gross" to cause Gross to terminate Plaintiff. Am. Compl. ¶ 171.

### C.    Procedural History

Plaintiff initially filed his complaint against Dental Associates of New York LLP, Fzoad.com Enterprises Inc., Gary Greenwald, Greenwald & Matani PTR, David Forest Gross,

"Munkund" J. Matani on November 27, 2017. (ECF 2). The Matani Defendants were served with the Summons and Complaint on May 23, 2018 while the Employer Defendants were served on May 25, 2018. (ECF 17-22). The Clerk entered defaults on July 26, 2018. (ECF 25-30). Plaintiff subsequently moved for default judgment, which resulted in the District Court issuing an order of default judgment against Defendants on July 30, 2018, after which both sets of Defendants moved to vacate the default judgment. (ECF 34, 36, 49). After briefing and a hearing, I recommended that the defaults be vacated because Defendants "have both demonstrated that their defaults were not willful, that they have meritorious defenses, and that Plaintiff would not suffer substantial prejudice from the delay." (ECF 85). The District Court rejected Plaintiff's objections and adopted my report and recommendation in August 2019. (ECF 91). Subsequently, Plaintiff filed his Amended Complaint on November 9, 2019. (ECF 93).

The Amended Complaint alleges Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") violations as well as common law tort claims and violations of criminal statutes. The Matani Defendants moved to dismiss all the claims against them primarily because none of the Matani Defendants ever employed Plaintiff. (ECF 102). The Employer Defendants moved to dismiss the majority of the claims against them on the grounds that Plaintiff failed to exhaust his administrative remedies, and many of the claims lack a private right of action and are time-barred. (ECF 99). The Employer Defendants do not move to dismiss the FLSA and NYLL wage and hour violations and the conversion claim. (ECF 99).

In parallel to the instant action (*Farmer I*), Plaintiff also bought an action against Joshua L. Weiner, the Employer Defendants' counsel (*Farmer II*). *See Farmer v. Law Office Weiner & Weiner, LLC*, No. 19-cv-7115 (GBD) (OTW). In *Farmer II*, Plaintiff alleged violations of New York

4

law and various federal criminal statutes. On April 6, 2020, I recommended that *Farmer II* be

dismissed in its entirely without leave to amend. (*Farmer II* ECF 37). Plaintiff objected. (ECF 41).

III.    **Discussion**

    A.    **The Claims Against the Matani Defendants Should be Dismissed**

        i.    **The Matani Defendants Are Not Employers under the FLSA or NYLL and Those Claims Should be Dismissed Against Them**

As a preliminary matter, a prerequisite to any FLSA and NYLL claim is that there be an

employment relationship. The FLSA broadly defines the employer-employee relationship and

that the determination of whether that relationship exists, "should be grounded in economic

reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)

(quoting *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 142 (2d Cir. 2008));

*see Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, at 911-12 (S.D.N.Y. 2013) ("The

definition [of employer and employee] is necessarily a broad one in accordance with the

remedial purpose of the [FLSA]."). The NYLL defines "employer" as "any person . . . employing

any individual in any occupation, industry, trade, business or service" or "any individual . . .

acting as employer." *Irizarry*, 722 F.3d at 117 (quoting N.Y. Lab. Law. §§ 190(3), 651(6)). The

definition of "employed" under the NYLL is a person who is "permitted or suffered to work." *Id.*

(quoting N.Y. Lab. Law. §§ 2(7))." Courts in this District generally treat the two definitions as co-

extensive. *See, e.g.*, *Kim v. 511 E. 5th St., LLC*, 133 F. Supp. 3d 654, 665 (S.D.N.Y. 2015) ("The

definitions of the term 'employer' under the FLSA and NYLL are coextensive."); *Hart*, 967 F.

Supp. 2d at 940 ("To be sure, the New York Court of Appeals has not yet resolved whether the

NYLL's standard for employer status is coextensive with the FLSA's [ ], but there is no case law

to the contrary." (citing *Irizarry*, 722 F.3d at 177)).

5

To assess the "economic reality" presented by an alleged employer-employee relationship, the Second Circuit examines whether the alleged employer "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Irizarry*, 722 F.3d at 104-05. No one factor is dispositive. *See Zheng v. Liberty Apparel Co. Inc.*, 335 F.3d 61, 71-72 (2d Cir. 2003)

Even under this broad application, Plaintiff cannot assert FLSA or NYLL claims against the Matani Defendants, who shared office space with the Employer Defendants and subleased space to Manhattan Eyeworks, because Plaintiff has not plausibly alleged an employer-employee relationship under the economic reality test. Reading all the allegations in the light most favorable to Plaintiff, he fails to allege any specific facts that the Matani Defendants had the power to hire and fire Manhattan Eyeworks' employees.[5] Plaintiff also does not plead facts showing that the Matani Defendants "(2) supervised and controlled employee works schedules or conditions of employment; (3) determined the rate and method of [employment] payment; and (4) maintained employment records." *Irizzarry*, 722 F.3d at 104-05. Accordingly, Plaintiff is unable to plead that the Matani Defendants are employers for FLSA or NYLL purposes. By Plaintiff's logic, any landlord could be considered an "employer" of all employees located in the landlord's space.

---

[5] Plaintiff alleges that because Matani "controlled" the sublease agreement, Matani was an employer. Am. Compl. ¶ 95.

ii.     **All Claims Should be Dismissed Against the Matani Defendants**

Any claims against the Matani Defendants for Title VII violations should also be

dismissed because Dental Associates was not Plaintiff's employer and, therefore, outside of

scope of Title VII. *See Gulino v. N.Y. State Edu. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) (claims

against non-employers are not cognizable under Title VII).

Plaintiff's common law claims should also be dismissed against the Matani Defendants

because Plaintiff alleges no facts involving the Matani Defendants for those claims.

Accordingly, I recommend that all claims be dismissed against Matani Defendants.

**B.     FLSA Claims (Counts I, VIII)**

Plaintiff brings two FLSA claims: against all Defendants for failure to pay overtime wage

(Count I) and against all Defendants for unlawful retaliation (Count VIII).

i.     **FLSA Violation of Overtime Wage (Count I)**

The Employer Defendants do not move to dismiss the FLSA claim against them for

violation of overtime wage.[6]

ii.     **FLSA Retaliation (Count VIII)**

The FLSA makes "it unlawful for any person . . . to discharge or in any other manner

discriminate against any employee because such employee has filed any complaint or instituted

or caused to be any proceeding under [FLSA]." *Mullins v. City of New York*, 626 F.3d 47, 53

(citing 29 U.S.C. § 215(a)(3)). A plaintiff is required to plead "(1) participation in a protected

---

[6] The FLSA provides that "employees who work more than 40 hours per week must be compensated for any additional hours at a rate of at least one and a half times their regular hourly wage." *Farmer v. Patino*, No. 18-cv-1435 (AMD) (LB), 2019 WL 110956, at *4 (E.D.N.Y. Jan. 4, 2019) (citing 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a)). "To plead a plausible FLSA overtime claim, the plaintiff must provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week." *Id.* (citing *Nakahata*, 723 F.3d at 201)). Plaintiff alleges he worked 72 hours a week and was paid $14.00 per hour. Am. Compl. ¶ 143.

activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3)
a causal connection between the protected activity and the adverse employment action." *Id*.

Plaintiff alleges he was terminated after he reported to Defendant Gross that Matani
was "illegally kissing and hugging optical staff," Am. Compl. ¶ 167, and forwarded Aktar's
complaint to Defendant Gross, Am. Compl. ¶ 174. This is not an FLSA retaliation claim, which is
limited filing a complaint or proceeding *under the FLSA*. *See Aflalo v. Cantor Fitzgerald, L.P.*, 298
F. Supp. 3d 688, 695 (S.D.N.Y. 2018) ("[F]or the purpose of a retaliation claim under the FLSA, a
plaintiff must still make 'an assertion of rights protected by the statute' in order to establish he
or she engaged in a protected activity." (quoting *Kasten v. Saint-Gobain Perf. Plastics Corp.*, 563
U.S. 1, 14 (2011)). Plaintiff has not pleaded that the Employer Defendants terminated him
because Plaintiff engaged in any protected activity under the FLSA.[7] Accordingly, the FLSA claim
for retaliation must be dismissed.

---

[7] Indeed, Plaintiff's earliest protected activity under the FLSA was filing the EEOC complaint and this complaint.
Both of which were done long after Plaintiff was terminated.

**C.      NYLL claims (Counts II, III, IV, V, XVII, XX, XXI)**

As with the federal labor law claims, the section only analyzes the claims as alleged

against the Employer Defendants.

**i.      NYLL Claim for Overtime (Count II)**

The Employer Defendants do not move to dismiss this claim.[8] *See* Am. Compl. ¶¶ 143-

45.

**ii.      NYLL Claim for Failure to Pay Spread of Hours (Count III)**

The NYLL requires employers to pay an employee who works a spread of hours in excess

of ten hours per day an additional hour at the minimum wage rate. *See Pineda v. Tokana Bar*

*Restorant Inc.*, No. 16-cv1155 (JPO), 2017 WL 1194242, at *3 (citing N.Y. Comp. Codes R. &

Regs. tit. 12, § 146-1.5). The measure of the workday for this purpose is the number of hours

from the time the employee starts his work until he finishes, including both working and non-

working time. *See* N.Y.C.R.R. tit. 12 §§ 142-2.4, 146-1.6. "A limitation upon a plaintiff's eligibility

to recover for spread-of-hours is that the plaintiff not earn more than the minimum wage."

*Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, at 45-56 (E.D.N.Y. 2015). Here,

Plaintiff alleges that he earned $14 per hour in 2014. Am. Compl. ¶ 143. In 2014, the New York

minimum wage was $8.00.[9] Accordingly, because Plaintiff earned more than the then-minimum

---

[8] The NYLL adopts the FLSA's definition of overtime. *See, e.g., Patino*, 2019 WL 110956 at *4 (citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (noting that the NYLL adopts the FLSA definition of overtime)).

[9] "History of General Hourly Minimum Wage in New York State" DEPARTMENT OF LABOR OF NEW YORK STATE: LABOR STATISTICS (last visited Jul. 29, 2020) https://labor.ny.gov/stats/minimum_wage.shtm (explaining that minimum wage in New York also depends on the specific region).

wage, he is unable to state a claim for spread of hours violations and Count III should be dismissed.

### iii.  NYLL Failure to Provide Wage Notice (Counts IV, V)

Counts IV and V allege that the Defendants failed to provide him with a wage notice at the time of hiring as required by NYLL § 195(1) (requiring employers to provide wage notice "within ten business days of the start of employment," *Kone v. Joy Constructions Corp.*, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016)) and a wage notice on his paystub in violation of NYLL § 1935(3) (requiring employers to provide a "statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contract details."). Am. Compl. ¶¶ 227-33. The Employer Defendants do not move to dismiss these claims, and thus these claims survive against the Employer Defendants.

### iv.  NYLL Improper Wage Deductions (Count XVII)

Count XVII alleges a violation of NYLL § 193 because "Defendants are still in possession of Plaintiff's 2014 and 2015 overtime wages, Defendants gave Plaintiff a pay check for straight time wages for [40] works [sic] but Defendants failed to pay straight time and overtime wages after [40] worked." Am. Compl. ¶ 277. Plaintiff has not pleaded a claim under § 193, which requires "a specific instance of docking the employee's pay," more than just withholding of wages. *Gold v. Am. Med. Alert Corp.*, 2015 WL 4887525, at *2 (S.D.N.Y. Aug. 17, 2015) (dismissing claim because it pled only a straight withholding of wages); *see also O'Grady v. BlueCrest Cap. Mgmt. LLP*, 111 F. Supp. 3d 494, 506 (S.D.N.Y. 2015) ("[S]ection 193 applies to

amounts *deducted* from wages, not *unpaid* wages and severance, which is alleged here." (citing

cases) (emphasis in original)). Accordingly, Count XVII should be dismissed.

> **v.      NYLL Regulations for Food or Beverage Providers (Count XX)**

Count XX alleges a violation of NYLL § 198-D which provides that "[e]very employer

engaged in the sale or service of food or beverages shall post in his establishment . . . a copy of

sections . . . and any regulations promulgated pursuant thereto relating to illegal deductions

from wages and tips by employers." Lab. L. § 193-D. Because Plaintiff does not allege any of the

defendants are "engaged in the sale or service of good or beverages," this claim should be

dismissed.

> **vi.      NYLL Retaliation (Count XXI)**

Count XXI alleges a violation of NYLL § 215, which prohibits employers from retaliating

from employees engaging in protected activities under the NYLL. For similar reasons contained

in the Court's analysis of Plaintiff's FLSA retaliation claim, this claim should be dismissed

because Plaintiff has not alleged that that he has engaged in protected activity under the NYLL.

*See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011) ("To establish

a prima face case [under NYLL § 215], 'the plaintiff must adequately plead that while employed

by the defendant, she made a complaint about the employer's violation of the [NYLL].'"

(quoting *Higueros v. New York State Catholic Health Plan, Inc.*, 630 F. Supp. 2d 265, 269

(E.D.N.Y. 2009)).

> **D.      Federal Employment Claims  (Counts XI, XXIII, XXIV, XXV, XXXIV(2))**

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to

discriminate against any individual with respect to this compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000-e2(a)(1). "Title VII thus requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). Prior to commencing an action under Title VII, a plaintiff must exhaust all available administrative remedies. *See* 42 U.S.C. § 2000e-5(e), (f)(1); *Ragone v. Atlantic Video at Manhattan Ctr.*, 594 F.3d 115, 126 (2d Cir. 2010). The purpose of the exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 (2d Cir. 2015).

Plaintiff brings five claims arising under violations of Title VII: (1) for age discrimination (Count XI); (2) for gender discrimination (Count XXIII); (3) for sexual harassment (Count XXV); (4) for a general violation of Title VII (Count XXIV); and (5) for unlawful retaliation (Count XXXIV(2)[10]).

### i.   All Federal Employment Claims are Time-Barred and Only Manhattan Eyeworks Would be a Proper Defendant.

These federal employment claims are all time-barred. "Under Title VII, a plaintiff must file an employment discrimination charge with the EEOC either 180 or 300 days after an 'alleged unlawful employment practice occurred.'" *Richardson v. Hartford Public Library*, 404 F. App'x 516, 517 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1)).[11] Reading the allegations in the

---

[10] There are two claims numbered Count XXXIV: one for spoliation of evidence, Am. Compl. ¶¶ 333-342; and the other for retaliation under Title VII, Am. Compl. ¶¶ 344-45.

[11] The age discrimination claims is also brought under other federal statues (ADEA and ADA), which all require a timely filing with the EEOC. *See Solomon v. Fordham Univ.*, 2020 WL 1272617, at *9 (S.D.N.Y. Mar. 17, 2020) ("Title VII and the ADEA require plaintiffs in New York to make a complaint to the EEOC within 300 days of the alleged adverse action in order for their claims to be considered timely in federal court."); *Bento v. NYC Dep't of Citywide Admin. Servs.*, 2020 WL 1434570, at *2 (S.D.N.Y. Mar. 24, 2020) ("To pursue an ADA claim of discrimination, a

light most favorable to Plaintiff, even if the last discriminatory act occurred on his last day of

work, April 28, 2015, he still did not timely file his EEOC complaint. Three hundred days from

April 28, 2015 is February 22, 2016. However, Plaintiff did not file an EEOC claim until February

**24**, 2016. (ECF 82 at 44, fax cover sheet dated "Feb. 24, 2016" as date received by EEOC; ECF 49

dated Feb. 24, 2016 by Plaintiff). The EEOC sent Plaintiff a dismissal and notice of rights on April

20, 2016 because "[Y]our charge was not timely filed with EEOC; in other words, you waited too

long after the date(s) of the alleged discrimination to file your charge." (ECF 81 at 54). Because

Plaintiff did not timely file his charge of discrimination, the federal discrimination claims are

untimely. *See Rosario v. Sterling Ent., LLC*, 2009 WL 1683351, *3-4 (S.D.N.Y. June 16, 2009),

*adopting report and recommendation* (holding that "*pro se* litigants are bound by the time

requirements of Title VII" when *pro se* litigant filed his EEOC claim 302 days after he was fired).

Accordingly, the federal employment claims should be dismissed as time-barred.

Additionally, only Plaintiff's employer, Manhattan Eyeworks, would be the proper

defendant, because individuals such as Gross are not subject to liability under Title VII, the

ADEA, or the ADA. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

### ii. Age Discrimination (Count XI)

Plaintiff alleges age discrimination in violation of Title VII and also the Age

Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act

("ADA") because he "was wrongfully terminated from his employment" and Defendants Gross

---

plaintiff must file a complaint with a State or local agency such as the SDHR or the EEOC within 300 days of the
allegedly unlawful act.").

hired and later promoted a less-experienced and younger Manhattan Eyeworks employee, Taslima Aktar.[12] Am. Compl. ¶¶ 256-57.

As a preliminary matter, Plaintiff has not alleged a disability, so to the extent Count XI pleads a cause of action under the ADA, it fails.

Count XI also fails to state a claim under the ADEA or Title VII. To establish a prima facie case of age discrimination under the ADEA or Title VII, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employee action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 719-20 (E.D.N.Y. 2015) (the difference between ADEA and Title VII claims of age discrimination is that the ADEA "requires a plaintiff to allege that age was the 'but for' cause of the employer's adverse action").

Plaintiff does not allege that the adverse employment action, *i.e.* termination, occurred either "because of" or "but for" age discrimination. Plaintiff alleges he was fired so that the Defendants could award Aktar "a job promotion to keep her from pursuing her workplace harassment claims." Am. Compl. ¶ 257. Plaintiff does not allege whether Aktar did in fact replace Plaintiff's position. In any event, "[w]ithout more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive." *Pustilnik v. Battery Park City Auth.*, No. 18-cv-9446 (RA), 2019 WL 6498711, at *5 (S.D.N.Y. Dec. 3, 2019) (citing cases).

---

[12] Plaintiff alleges that Matani also hired Aktar, however because Plaintiff alleges no facts suggesting an employment relationship with Matani, this claim must be dismissed against him and any of the other Matani Defendants.

### iii.    The Gender Discrimination Claim (Count XXIII) Fails

The claim for gender discrimination under Title VII fails. For all Title VII cases, plaintiff can plead a *prima facie* case of discrimination by alleging facts under the *McDonnell Douglas* framework. *See Vega*, 801 F.3d at 82 (citing *McDonnell Douglas v. Green*, 511 U.S. 792, 802 (1973)). Plaintiff cannot plausibly allege, however, that there were circumstances giving rise to an inference of discrimination. Plaintiff alleges he was terminated after he reported to Gross that Matani was "illegally kissing and hugging optical staff," Am. Compl. ¶ 167, and Plaintiff forwarded Aktar's complaint to Gross, Am. Compl. ¶ 174. Further, Plaintiff has not plausibly alleged that he was terminated because of his gender or even that the Employer Defendants discriminated against him because of his gender.

### iv.    The Sexual Harassment Claim (Count XXV) Fails [13]

There are two forms of sexual harassment under Title VII: (1) *quid pro quo* harassment which requires plaintiff plead that he suffered adverse employment actions "either because of gender or because a sexual advance was made by a supervisor and rejected by [plaintiff]," *Lekettey v. City of New York*, 637 F. App'x 659, 661 (2d Cir. 2016), and (2) a hostile work environment claim that requires a plaintiff to plead that the workplace was "permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to

---

[13] Farmer's claim for sexual harassment also includes allegations of racial discrimination against Asian optical employees. Am. Compl. ¶¶ 306-08 (alleging discrimination against Aktar, Robert Chen, and Peter Zhang). Plaintiff does not allege that his instances of observed racial discrimination was in anyway connected to his termination. Plaintiff does also not allege that claims of racial discrimination were directed at him.

alter the conditions of the victim's employment and create an abusive working environment," *Gorzynsky v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010).

Plaintiff did not specify under which type he asserts relief. The first form, *quid pro quo*, fails because Plaintiff has not plausibly alleged that he suffered adverse employment action because of his gender or because he received or rejected a sexual advance made by a Manhattan Eyeworks supervisor. The second form, hostile work environment, also fails because Plaintiff has not demonstrated "a specific basis for imputing the conduct creating the hostile work environment to the employer." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004). At best, Plaintiff has alleged that Matani made advances to one of Plaintiff's coworkers and Matani's employee (Welsh) made advances to Plaintiff. However, neither were Plaintiff's employer nor employees of Plaintiff's employer.

### v.    The Claim for a General Violation (Count XXIV) for Title VII Fails

Count XXIV merely restates the text of Title VII. Plaintiff has alleged no facts in connection with this claim. Accordingly, this claim should be dismissed.

### i.    The Federal Retaliation Claims (Counts VII, XXI, and XXIV) Fail

The Title VII retaliation claim fails because it is time-barred. "Title VII prohibits retaliation against employees for complaining of prohibited employment discrimination, 'stating that it shall be an unlawful employment practice for an employer to discriminate against any of his employees … because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." *Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 584 (S.D.N.Y. 2017) (quoting *Cifra v. G.E. Co.*, 252 F.3d 205, 16 (2d Cir. 2001))*.* "[A] plaintiff is not required to show that the conduct she opposed was in fact unlawful; it is

sufficient if the plaintiff had a good faith, reasonable belief that she was opposing a practice prohibited by Title VII." *See Risco v. McHugh*, 868 F. Supp. 2d 75, 111 (S.D.N.Y. 2012) (citing *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006)). Reading all allegations in the light most favorable to plaintiff, it may be plausible that he was terminated for reporting harassment suffered by Aktar. Am. Compl. ¶¶ 117, 154-55. However, because the claim is time-barred, Counts XII, XXI, and XXIV must be dismissed.

E.     Retaliation (Counts IX, X, XXVIII)

Counts IX and X both allege a "violation retaliatory discharge" [sic] without specifying the relevant statute. Count XXVIII alleges "discipline right after filing a complaint," which the Court understands to refer to retaliation, also without specifying the relevant statute. These claims should be all be dismissed because Plaintiff has already asserted retaliation causes of action under the relevant FLSA, NYLL, and Title VII statutes and there is no New York common law cause of action for retaliatory discharge. *See Cruz v. HSBC Bank, USA, N.A.*, 5 F. Supp. 3d 253, 259 (E.D.N.Y. 2014) (dismissing retaliatory discharge claim because "New York does not recognize a claim for wrongful discharge of an at-will employee"); *Cooper v. New York State Nurses Ass'n*, 847 F. Supp. 2d 437, 451 (E.D.N.Y. 2012) ("New York courts have consistently rejected causes of action for wrongful discharge asserted under New York common law.").

F.     Conversion (Count XII)

Count XII asserts a claim for conversion alleging that Defendants are "withholding Plaintiff's personal belongings without justification, including but not limited to, two laptop computers and clothing" and "Defendants refuse to return Plaintiff's personal property." Am. Compl. ¶¶ 260-62. The New York courts have upheld claims by employees whose employers

have taken their personal property. *See, e.g., Schulman v. Continental Ins.,* 258 A.D.2d 639, 685 N.Y.S.2d 794, 796 (2d Dep't 1999) (finding a viable cause of action in conversion against certain defendants who allegedly did not return personal property upon termination); *Daniel v. Long Island Univ.,* 184 A.D.2d 350, 585 N.Y.S.2d 349, 351 (1st Dep't 1992) (finding a viable conversion claim).

At this stage in the proceedings, Plaintiff has pleaded the minimum required for a claim of conversion against the Employer Defendants, who do not move to dismiss this claim. To the extent the claim is pleaded against the Matani Employers, the claim should be dismissed, because Plaintiff alleged that it was the Defendants who discharged Plaintiff that are withholding his property, *i.e.* the Employer Defendants.

### G.    Lack of Reason for Termination (Counts XXVI, XXVII)

Count XXXVI alleges that Gross failed to provide a reason for Plaintiff's termination, and Count XXVII alleges that Plaintiff was terminated for poor performance without any prior poor performance reports. Am. Compl. ¶ 315. Under New York law, at-will employees can be terminated without cause. *See Pasqualini v. MortgageIT, Inc.*, 498 F. Supp. 2d 659, 672 (S.D.N.Y. 2007); *McHenry v. Lawrence*, 66 A.D.3d 650, 651 (2d Dep't 2009) ("An employee who does not work under an agreement for a definite term of employment is an at-will employee who may be discharged at any time without or without cause." (citing *Murphy v. Am. Home Products Corp.*, 58 N.Y.2d. 293 (1983)).

Plaintiff has not pleaded that there was any agreement setting forth duration for his employment with Manhattan Eyeworks, and thus the presumption is that he is at-will. *See McHenry*, 66 A.D.3d at 651; *Lobel v. Maimonides Med. Ctr.*, 39 A.D.3d 275, 276 (1st Dep't 2007).

Further, it is unclear what Plaintiff means by "termination for poor performance without any poor performance reports" which is only noted in the header for Count XXVII. Accordingly, Counts XXVI and Count XXVII should be dismissed.

### H.      Interference with Prospective Employment (Counts XXII, XXX, XXXI, and XXXII)

Counts XXII ("Defendant Gross contacted Plaintiff's prospective employers), XXX (tortious inference with contract), XXXI ("tortious interference with p[ro]spective economic advantage"), and XXXII ("Defendants maliciously interfered and prevented that expectation from coming to fruition") allege variations that Gross interfered with (a) Plaintiffs' prospective employment with Dr. Rita Ellent, who did not hire Plaintiff, and (b) Plaintiff's employment at Vision World of Jamaica, which terminated Plaintiff. Am. Compl. ¶¶ 294, 295.

### i.      The Claims Are Time-Barred

As a preliminary matter, the tortious interference claims are time-barred.

Claims for tortious interference with contract and economic advantage have a three-year statute of limitations and accrue when the injury is sustained. *See Techno-Comp, Inc. v. Arcabascio*, 130 F. Supp. 3d 734, 742 (E.D.N.Y. 2015) (dismissing tortious inference with contract claim as time-barred; *Murphy v. Morlitz*, No. 16-cv-7256 (VSB), 2017 WL 4221472, at *10 (S.D.N.Y. Sept. 21, 2017).

Plaintiff alleges that the acts occurred in 2015. Am. Comp ¶¶ 294-95. Any action relating to Gross's interference had to have been brought by 2018, but the Amended Complaint was not filed until September 2019.  The claims do not relate back, *see* Rule 15(c), because Plaintiff's original complaint did not allege any post-termination acts by Gross. *See Ruta v. Delta Airlines, Inc.*, 322 F. Supp. 3d 391, 404 (S.D.N.Y. 2004) ("The main inquiry under [Rule 15(c)(2)] is

whether adequate notice of matters asserted in the amended pleading have been timely given to the opposing party by the general facts alleged in the original pleading. . . . an amended pleading does not relate back if it introduces a different set of operative facts."). Even if these claims were not time-barred, they fail to plausibly state a cause of action.

### ii.   Tortious Interference with Contract (Count XXX) Fails to State a Claim

A tortious interference with contract claim under New York law requires pleading: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Medtech Products Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 796 (S.D.N.Y. 2008) (quoting *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401-02 (2d Cir. 2006)).

Any claim relating to Dr. Ellent's refusal to hire Plaintiff fails because prospective contractual relations "cannot support a claim for tortious interference with an existing contract." *Miller v. Mt. Sinai Med. Ctr.*, 288 A.D.2d 72, 72 (1st Dep't 2001). In *Miller*, the plaintiff brought suit against her former employer who allegedly spoke to her then-current employer, Elmhurst Hospital. Elmhurst Hospital subsequently rescinded plaintiff's job offer. *See id*. The First Department wrote "[i]t was altogether reasonable for plaintiff's future supervisor to speak with her former supervisor . . . about plaintiff's work performance. That [defendant] may have given plaintiff a negative job reference or did not believe plaintiff to be a qualified candidate for the position did not constitute interference by wrongful means." *Id.* at 73.

The claim against Gross relating to Plaintiff's termination at Vision World of Jamaica fails because Plaintiff did not allege any involvement by Gross, but rather that a third-party

unaffiliated with Gross said "I hear that you like to sue your ex-employers in Court." Am. Compl.

¶ 295.

> ### iii.   Tortious Interference with Prospective Economic Advantage (Count XXXI) Fails to State a Claim

To state a claim for tortious interference with prospective economic advantage, a

plaintiff must either allege "that the conduct by defendant that allegedly interfered with

plaintiff's prospects either was undertaken for the sole purpose of harming plaintiff, or that

such conduct was wrongful or improper independent of the interference allegedly caused."

*Jacobs v. Continuum Health Partners, Inc.*, 7 A.D.3d 312, 313 (1st Dep't 2004); *see also Vinas v.*

*Chubb Corp.*, 499 F. Supp. 2d 427, 434 (S.D.N.Y. 2007) (a claim for tortious interference with

prospective economic advantage requires "defendant either acted 'solely out of malice' or used

wrongful means"). This requirement is in addition to the pleading requirements that "(1) there

was a business relationship with a third party; (2) defendant 'knew of that relationship and

intentionally interfered with it'; . . . and (4) defendant's 'interference caused injury to the

relationship' with the third party." *Vinas*, 499 F. Supp. 2d at 434.

Plaintiff has alleged no facts in connection with this claim. And, to the extent Plaintiff

seeks to bring this claim against Gross, Plaintiff has only made conclusory allegations against

him. *See Jacobs*, 7 A.D.3d. at 313 (dismissing tortious interference with prospective [economic]

advantage where plaintiff "neither alleges specific facts that would support an inference that

defendants were motivated solely by a desire to harm her, nor does she allege specific facts").

> iv.   **Contact with Prospective Employers & Malicious Interference (Counts XXII, XXXII) Fails to State a Claim**

Plaintiff does not allege a specific statute under Count XXII, but only alleges "Defendant Gross contacted Plaintiff's prospective employers." To the extent Plaintiff is alleging common law interference, the claim is dismissed as duplicative of Count XXX and XXXI. To the extent Plaintiff is alleging another claim, the Court has no basis to deduce what Plaintiff is alleging, and the claim must be dismissed.

Count XXXII should be dismissed, because the claim for malicious interference does not specify any expectation subject to any Defendants' interference. *See* Am. Compl. ¶¶ 329-30 (lacking any factual allegation). To the extent Plaintiff alleges that Gross interfered with Plaintiff's employment, the claim is duplicative of Count XXX and XXXI. Accordingly, Count XXII and XXXII should be dismissed.

> **I.   Defamation (Count XXIX)**

Count XXIX alleges defamation. Am. Compl. ¶¶ 184-88. Plaintiff alleges that Gross told the optical employees about Plaintiff's lawsuit against a previous employer,[14] which Gross allegedly "had no right to share." Am. Comp. ¶¶ 184-87. Plaintiff additionally alleges Gross spoke negatively to prospective employers of Plaintiff's, saying "Plaintiff likes to sue his ex-employers in Court, "which Plaintiff alleges is "false" because "Plaintiff only sues his ex-employers when unlawful activity occurs." *Id.*

"Under New York law, the elements of a defamation claim are 'a false statement, published without privilege or authorization to a third party, constituting fault . .  and it must

---

[14] In 2013, Plaintiff brought an FLSA action against former employers that ultimately settled. *See Farmer v. Hyde Your Eyes Optical, Inc. et al.*, No. 13-cv-6653 (GBD). Plaintiff has also brought litigation in the Eastern District of New York. *See Patino*, No. 18-cv-1435 (AMD) (LB), (E.D.N.Y.).

cause special harm or constitute defamation per se." *Restis v. Am. Coalition Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 716 (S.D.N.Y. 2014) (quoting *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2013).

The claim fails because Plaintiff has not alleged any of the statements at issue are actually false. Plaintiff does not argue (nor could he) that he has not sued his employers before.

Further, the claim is time-barred because the statute of limitations for a defamation claim is one year. *See Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 224 (S.D.N.Y. 2013) (citing CPLR 215(3)). Plaintiff alleges that the acts occurred "several months" after his April 2015 termination. Am. Compl. ¶ 185. Even generally assuming a period of 24 months, or until April 2017, the claim would still be time-barred, because the defamation claim was not alleged until the filing of the Amended Complaint in September 2019. The claim does not relate back, *see* Rule 15(c), because Plaintiff's original complaint did not allege any post-termination acts by Gross. *See Ruta*, 322 F. Supp. 3d at 404.

Accordingly, the defamation claim, Count XXIX, should be dismissed.

**J.     Count XXXIII Fails to State a Claim**

Count XXXIII alleges in the header title only that "Defendants Matani and the Dental Associates of New York harassed and interfered in Plaintiff's employment and livelihood without cause, caused a Hostile Work Environment within the workplace." The claim should be dismissed because it fails to allege any facts to support this unspecified cause of action Assuming Plaintiff is trying to allege a claim for hostile work environment, the claim is duplicative of the failed-Title VII claim and should be dismissed. Accordingly, Count XXXII should be dismissed.

### K.   The Remaining Counts (VI, VII XIII, XIV, XV, XVI, XVIII, XIX, XXXIV, XXXV) Have No Private Right of Action and Should be Dismissed

The following claims lack a private right of action and must be dismissed: perjury[15] (Counts XIII, XIV); obstruction of justice[16] (Count XXXV); spoliation[17] (Count XXXIV); and multiple claims under the NYLL for record-keeping violations, civil and criminal penalties in actions instituted by the state, failure to provide a meal period, and definitional violations[18] (Count VI, VII, XV, XVI, XVIII, and XIX).

## IV.   Leave to Replead

Although *pro se* complaints should generally be given leave to amend when there is "any indication that a valid claim might be stated," *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002), amendment may be denied upon a finding of futility. *See Aetna Cas. & Sur. Co. v.*

---

[15] *See, Kamanou v. Exec. Sec'y of Comm'n of the Econ. Community of W. African States*, No. 10-cv-7286 (GBD) (JLC), 2012 WL 162708, at *10 (S.D.N.Y. Jan. 19, 2012) (dismissal of perjury claims for lack of private right of action), *report and recommendation adopted*, 2012 WL 868700 (Mar. 14, 2012). Further, this claim fails because Plaintiff alleges perjury by Defendants' attorneys in front of the undersigned. *See* Am. Compl. ¶ 263.

[16] *See Garay v. U.S. Bancorp.*, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004) ("Because obstruction of justice is a criminal matter, there is no private cause of action.").

[17] *See Farquharson v. Lafayette*, No. 19-cv-34446 (NSR), 2020 WL 1699985, at *12 (S.D.N.Y. Apr. 7, 2020) (no cause of action under New York law for spoliation).

[18] Plaintiff alleges multiple causes of action under the NYLL: NYLL § 195(4) or New York State Department of Labor Regulations § 146-21; § 195 in its entirety; NYLL § 162; NYLL § 190; NYLL § 197; § 198-A. The record-keeping claims – NYLL § 195 and its subsections – lack a private right of action under subsections 2, 4, and 5. *See Chan v. Big Geyser, Inc.*, 2018 WL 4168967, at *10 (S.D.N.Y. Aug. 30, 2018) (no private right of action under § 195(2) and (4)); *Kone v. Joy Construction Corp.*, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016) (no private right of action under § 195(5)). Plaintiff has separately alleged violations of subsections 1 and 3, which survive against the Employer Defendants. To the extent Plaintiff seeks to assert a claim under NYLL § 195(6), he has not alleged any facts suggesting that Defendants failed to "notify any employee terminated from employment, in writing, of the exact date of such termination as well as the exact date of cancellation of employee benefits connected with such termination." NYLL § 195(6).

The other NYLL claims also lack a private right of action. *See In re Domino's Pizza Inc.*, 2018 WL 1587593, at *3 (S.D.N.Y. Mar. 27, 2018) (no private right of action under NYLL § 162, failure to provide a meal period); *Miller v. Hekimian Labs Inc.*, 257 F. Supp. 2d 506, 518 n.9 (N.D.N.Y. 2003) (no cause of action under NYLL § 190, definitional section of the NYLL); Lab. L. § 197 (civil penalty paid to the state in an action recovered by the Commissioner of the New York State Department of Labor); Lab. L. § 198-A (criminal penalties in an action instituted by the Commissioner of the New York State Department of Labor).

*Aniero Concrete Co.,* 404 F.3d 566, 603 (2d Cir. 2005). Amendment would be futile here because many claims lack a private right of action, are time barred, and / or are duplicative of other causes of action. Plaintiff can allege no facts that would make these failed claims viable and has already amended once as of right. Accordingly, I recommend that Plaintiff be denied leave to amend.

### V.      Conclusion

For the reasons stated above, I recommend that the motions to dismiss (ECF 98, ECF 101) should be granted. All claims – except for Count I (FLSA overtime violation), Count II (NYLL overtime violation), Count IV (NYLL failure to provide wage notice at the time of hiring), Count V (NYLL paystub violation), and Count XII (conversion) against the Employer Defendants only – should be dismissed with prejudice.

### VI.     Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable George B. Daniels, United States District Judge. **Any requests for an extension of time for filing objections must also be directed to Judge Daniels.** If Plaintiff wishes to review, but does not

have access to, cases cited herein that are reported on Westlaw, he should request copies from Defendants. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to the *pro se* Plaintiff**.**

**Respectfully submitted,**

 *s/  Ona T. Wang*
Dated: August 5, 2020                                           **Ona T. Wang**
       New York, New York                        United States Magistrate Judge