**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- x

RICHARD FARMER,

                               Plaintiff,

             -against-

FZOAD.COM ENTERPRISES INC. *d/b/a*
MANHATTAN EYEWORKS INC. *d/b/a* CHELSEA
VISION ASSOCIATES et al.,

                           Defendants.

------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **SEP 1 7 2020**

MEMORANDUM DECISION
AND ORDER

17 Civ. 9300 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Richard Farmer brings this action against various Defendants, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law (the "NYLL"), §§ 650 *et seq.*, and the New York Codes, Rules and Regulations (the "NYCRR") §§ 142 *et seq.* for unpaid straight time and overtime pay, liquidated damages, and attorney's fees and costs. (Am. Compl., ECF No. 93 at ¶¶ 1–3.) Subsequently, Defendants Fzoad.com Enterprises Inc. and David Forest Gross (collectively, the "Employer Defendants") moved to partially dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging, *inter alia*, that (1) Plaintiff failed to exhaust his administrative remedies; (2) many of the claims lack a private right of action; and (3) many of the claims are time-barred. (*See* Notice of Mot., ECF No. 98; *see also* Employer Defs.' Mem. of Law in Supp. of Mot. to Partially Dismiss the Am. Compl., ECF No. 99.) Additionally, Defendants Mukund Matani,[1] Gary Greenwald, Dental Associates of New York LLP, and Greenwald & Matani PTP (collectively, the "Matani Defendants") moved to

---

[1] Although Matani has passed away since Plaintiff filed his original complaint, Matani's estate has not substituted in this action.

dismiss the amended complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), primarily arguing that none of the Matani Defendants employed Plaintiff. (*See* Notice of Mot., ECF No. 101; *see also* Matani Defs.' Reply Mem. of Law in Further Supp. of Mot. to Dismiss the First Am. Compl., ECF No. 106.) Before this Court is Magistrate Judge Ona T. Wang's August 5, 2020 Report and Recommendation (the "Report"), recommending that both motions to dismiss be granted. (Report, ECF No. 116 at 25.) Magistrate Judge Wang advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 25–26.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I.   FACTUAL BACKGROUND

Plaintiff worked at Manhattan Eyeworks from August 15, 2014 through April 28, 2015.[2] (*See* Am. Compl. ¶¶ 7, Original Compl., ECF No. 2 ¶ 47.) Plaintiff alleges that throughout his employment, he worked 72 hours each week with a salary of $14.00 per hour. (*Id.* ¶ 143.) He also claims that the Defendants, all of whom he alleges were his employers at the time,[3] did not provide him with appropriate meal periods. (*Id.* ¶¶ 239–423.) He further states that at some point, he

---

[2] Magistrate Judge Wang notes that Plaintiff "is not consistent in pleading" the last day of his employment with Manhattan Eyeworks. (*See* Report at 2 n. 3.) As such, Magistrate Judge Wang appropriately inferred, in Plaintiff's favor, that his last day of employment was on April 28, 2015, *i.e.*, the latest date that he asserts. (*Id.*)

[3] As Magistrate Judge Wang notes, it is not clear from the pleadings exactly what role each of the Defendants played with regard to Plaintiff's employment. Magistrate Judge Wang's summary of each Defendant's apparent posture logically follows the arguments and assertions, and this Court adopts that understanding in its decision. Specifically, Magistrate Judge Wang surmises that Manhattan Eyeworks Inc., Fzoad.com Enterprises, Triple Vision Optical, 3 Eyed Optical, Inc. "appear to be entities co-owned by Defendant David Forrest Gross, Frank Fico, and Marina Kleyman," and that Employer Defendants allegedly leased office space from Defendant Dental Associates of New York LLC . . . , which was allegedly owned, in turn, by Defendants Mukund Matani and Gary Greenwald." (Report at 2.)

confronted Gross regarding his compensation, with which he was unhappy, but Gross stated that he lacked the funds to pay Plaintiff and later terminated him. (*Id.* ¶¶ 147–150, 161.)

Additionally, Plaintiff alleges that employees of Dental Associates—the sub-lessor of Manhattan Eyeworks—attempted to cause Plaintiff to quit by harassing him through "verbal and psychological abuse." (*Id.* ¶¶ 112, 122–134.) Plaintiff also asserts that at some point, he witnessed Matani—the alleged landlord of Manhattan Eyeworks—sexually harassing Plaintiff's co-workers. (*Id.* ¶¶ 151–153, 158–159.) Plaintiff claims that he reported this incident to Gross, and subsequently, Matani used his influence as landlord to cause Gross to fire Plaintiff. (*See id.* ¶ 171.)

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993,

at \*3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court to "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[4]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at \*3 (S.D.N.Y. Nov. 19,

---

[4] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda,* 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## III.    THE REPORT IS ADOPTED

### A. All Claims Against the Matani Defendants are Dismissed.

The report correctly notes that Plaintiff may not bring an FLSA or NYLL claim against Defendants with whom he has no employment relationship, and "Plaintiff has not plausibly alleged an employer-employee relationship" with the Matani Defendants, even when considering all allegations in a light most favorable to Plaintiff. (*Id.* at 5–6.) The Report also correctly states that Plaintiff may not bring claims under Title VII against the Matani Defendants for the same reason. (*Id.* at 7.) Finally, Magistrate Judge Wang properly concluded that Plaintiff's common law claims fail, as he "alleges no facts involving the Matani Defendants for those claims." (*Id.*) Therefore, Plaintiff's claims against the Matani Defendants are dismissed.

### B. Plaintiff's FLSA Retaliation Claim Against the Employer Defendants is Dismissed.

Plaintiff alleges that he was terminated because he saw Matani "illegally kissing and hugging optical staff" and reported this to Gross. (Am. Compl. ¶ 167.) As the Report correctly notes, however, to bring an FLSA retaliation claim, the Plaintiff must assert the claim under the FLSA. (Report at 8.) The Report correctly concludes that because "Plaintiff has not pleaded that the Employer Defendants terminated him because [he] engaged in any protected activity under the FLSA," this claim must be dismissed. (*Id.*)

### C. Plaintiff's NYLL Claims—Other Than His Claim for Overtime and Failure to Provide Wage Notices—are Dismissed.

Despite asserting various NYLL claims, Plaintiff does not support his claims with the proper facts or allegations that are required to plead each of them. For example, with regard to Plaintiff's

claim for failure to pay spread of hours, the Report correctly concludes that because Plaintiff alleges that he was paid $14.00 per hour and the minimum wage in New York at the time was $8.00, this claim must be dismissed. (*Id.* at 9–10.) Similarly, with regard to Plaintiff's claim that for improper wage deductions, the Report is correct in finding that Plaintiff has not alleged "a specific instance of docking the employee's pay," other than simply withholding wages. (*Id.* at 10.) Therefore, the Report correctly concluded that this claim should be dismissed. (*Id.* at 11.) Plaintiff also alleges claims under NYLL's regulations for food or beverage providers. The Report appropriately notes that Plaintiff did not allege that the Defendants are "engaged in the sale or service of good or beverages." (*Id.*) Therefore, this claim should be dismissed. Finally, the Report properly states that Plaintiff's claim for retaliation under the NYLL should be dismissed because Plaintiff did not allege that he engaged in activity that is protected under the NYLL. (*Id.*)

**D.  Plaintiff's Federal Employment Discrimination Claims are Dismissed.**

The Report properly concludes that each of the discrimination claims are time-barred. (*Id.* at 12–13.) As it explains, Plaintiff needed to have brought any claims for employment discrimination with the Equal Employment Opportunity Commission either 180 or 300 days following the occurrence of an unlawful employment practice, and Plaintiff filed his claim 302 days following the alleged occurrence. (*Id.*) The Report, however, also reviews Plaintiff's age discrimination, gender discrimination, and sexual harassment claims, as well as his claims for a general violation of Title VII, and federal retaliation, finding that most of them would be dismissed on alternative grounds, even if not time-barred. (*Id.* at 13–17.) The Report therefore correctly recommends that each of the Title VII claims should be dismissed.

6

### E.  Plaintiff's Retaliation Claims are Dismissed.

The Report properly found that while Plaintiff alleges a general claim for "retaliation," there is no common law claim for retaliation, and Plaintiff has already asserted retaliation claims under FLSA, NYLL, and Title VII.  (*Id.* at 17.)  Therefore, these claims are dismissed.

### F.  Plaintiff's Lack of Reason for Termination Claim is Dismissed.

The Report correctly notes that in order to bring a claim for termination without cause, Plaintiff would need to allege that he was not an at-will employee, as at-will employees may be discharged at any time under New York law.  (*Id.* at 18.)  Plaintiff, however, did not plead that any agreement exists as to the term of his employment.  Therefore, the Report was correct in concluding that this claim should be dismissed.  (*Id.* at 18–19.)

### G.  Plaintiff's Interference with Prospective Employment Claims are Dismissed.

The Report properly notes that Plaintiff's tortious interference claims are time-barred, as they have a three-year statute of limitations that accrues when the injury occurs.  (*Id.* at 19.)  While Plaintiff alleges that the acts occurred in 2015, he did not file his amended complaint until 2019.  (*Id.*)  The Report also analyzes each of Plaintiff's claims (*i.e.*, for tortious interference with a contract, tortious interference with prospective economic advantage, contact with prospective employers, and malicious interference) and finds alternative reasons to dismiss each claim.  (*Id.* at 19–22.)

### H.  Plaintiff's Claim for Defamation is Dismissed.

The Report correctly concluded that Plaintiff has not asserted a viable claim for Defamation.  (*Id.* at 22–23.)  First, the Report properly notes that Plaintiff has not asserted that any of the comments Gross allegedly said about him were false—a necessary predicate to bring a defamation claim under New York law.  (*Id.*)  Additionally, the Report correctly determined that Plaintiff's defamation claim is time-barred, as there is a one-year statute of limitations on this claim and Plaintiff did not raise this claim until more than four years after the alleged incidents.  (*Id.*)

**I.   Plaintiff's Claim that Defendants "Harassed and Interfered in [His] Employment and Livelihood Without Cause" and Created a "Hostile Work Environment" is Dismissed.**

The Report is correct in noting that Plaintiff does not allege any facts to support this claim. (*Id.* at 23.) It also properly identifies that any claim Plaintiff tries to bring for a hostile work environment would be duplicative of Plaintiff's insufficient Title VII claim. (*Id.*)

**J.   Plaintiff's Claims for Which There is No Available Private Right of Action are Dismissed.**

Plaintiff raises ten claims for which there is no available private right of action. The Report is therefore correct in concluding that counts VI, VII, XV, XVI, XVII, and XIX (for additional violations of the NYLL), counts XIII and XIV (for violations of 28 U.S.C. § 1746), count XXIV (for violation of the Civil Rights Act of 1964), and count XXXV (for violation of 18 U.S.C. § 1503) should be dismissed. (*Id.* at 24.)

**K.   Magistrate Judge Wang Did Not Err in Concluding That Plaintiff Should Not be Granted Leave to Amend.**

Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). The Report correctly notes, however, that with regard to the claims that should be dismissed, any amendment would be futile. (Report at 23–24.) Therefore, Plaintiff is not granted leave to amend his complaint.

## IV.    CONCLUSION

Magistrate Judge Wang's Report is ADOPTED.  The Employer Defendants' motion to dismiss, (ECF No. 98), is GRANTED.[5]  The Matani Defendants' motion to dismiss, (ECF No. 101), is also GRANTED as to all counts.  The Clerk of Court is directed to close these motions accordingly.

Dated: New York, New York
      September 17, 2020

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
United States District Judge

---

[5] The following counts against the Employer Defendants are dismissed: III, VI, VII, VIII, IX, X, XI, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, XXX, XXXI, XXXII, XXXIII, XXXIV, and XXXV.

9