UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                          :

RICHARD FARMER,                        :

                          Plaintiff,     :       17-CV-9300 (GBD) (OTW)

                                     :

              -against-       :       **REPORT AND RECOMMENDATION**

                                     :

FZOAD.COM ENTERPRISES INC., et al.,   :

                                   :

                      Defendants.   :

                                   :

---------------------------------------------------------x

      **ONA T. WANG, United States Magistrate Judge:**

      **To the Honorable GEORGE B. DANIELS, United States District Judge,**

**I.      Introduction**

      Defendants Fzoad.com Enterprises Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision

Associates, and David Forest Gross (collectively, the "Employer Defendants"), and Frank Fico,

Marina Kleyman, Manhattan Eyeworks, Inc, 3 Eyed Optical, Inc, and Triple Vision Corp (the

"New Employer Defendants") move to dismiss the allegations against them for failure to

prosecute under Federal Rule of Civil Procedure ("Rule") 41(b). (ECF 124). For the reasons

stated below, I recommend that the motion be **GRANTED.**

**II.      Background**

      **A.      The Majority of Claims in This Action Have Already Been Dismissed**

      A more fulsome recounting of the underlying allegations can be found the Court's

August 5, 2020 Report and Recommendation (ECF 116) recommending dismissal of the Matani

Defendants'[1] and Employer Defendants' motions to dismiss and needs not recounting here. On September 17, 2020, Judge Daniels adopted that Report and Recommendation in full, dismissing all claims against the Matani Defendants and most of the claims against the Employer Defendants. (ECF 120). The remaining FLSA and NYLL claims against the Employer Defendants are Count I (FLSA overtime violation), Count II (NYLL overtime violation), Count IV (NYLL failure to provide wage notice at the time of hiring), Count V (NYLL paystub violation), and Count XII (conversion).

   B.    **The New Employer Defendants Have Never Been Served**

   On January 2, 2020 and August 7, 2020, the New Employer Defendants indicated that they joined in all the motions to dismiss raised by the properly-served Defendants. (ECF 111, 117). The New Employer Defendants are colleagues and/or companies of the Employer Defendants. *See generally* ECF 93. However, there is no history on the docket of any of the New Employer Defendants ever being served with the Amended Complaint.

   On August 10, 2020, I issued an order directing Plaintiff to "submit a letter to the Court by August 24, 2020 with the following information: When and how the New Employer Defendants were served." (ECF 118). I warned that "[*f*]*ailure to respond may result in a recommendation of dismissal for failure to prosecute against these Defendants*." (ECF 118 (emphasis added)). Given the COVID-19 pandemic, I provided the temporary *pro se* email address to which Plaintiff could email his response. I further directed the Clerk of Court to mail

---

[1] The Matani Defendants are Mukund Matani, Gary Greenwald, Dental Associates of New York LLP, and Greenwald & Matani PTP.

a copy of the order to Plaintiff and for Defendants to email a copy of the order. (ECF 118; *see* ECF 119 for certificate of service). Plaintiff did not respond.

      **C.**    **The Employer Defendants and New Employer Defendants Move for Dismissal for Failure to Prosecute**

On January 14, 2021, the Employer Defendants and New Employer Defendants moved to dismiss the allegations against them for failure to prosecute under Rule 41(b). Pursuant to Local Civil Rule 6.1(b) "any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers," or by January 28, 2021. Plaintiff did not file an opposition by that date.

On April 15, 2021, the Court issued an order directing Plaintiff to respond by April 29, 2021. (ECF 125). The Court warned that *"[f]ailure to respond by that time may result in a recommendation that the action be dismissed for failure to prosecute under Rule 41(b)."* (ECF 125 (emphasis added)). The Court again provided both the Pro Se Office's mailing address and the temporary *pro se* email address. The Clerk of Court mailed Plaintiff a copy. To date, Plaintiff has not responded.

**III.**    **Plaintiff Has Failed to Serve the New Employer Defendants**

Rule 4(m) requires a plaintiff to effect proper service on the defendant within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to do so, the Court "must dismiss the action without prejudice against [the] defendant or order that service be made within a specified time." *Id.* If the plaintiff has demonstrated good cause for a failure to effect service, the court must extend the time to effect service. *Id.*; *see also Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (noting if a plaintiff demonstrates good cause, "the extension is mandatory").

Plaintiff did not serve the New Employer Defendants within 90 days of filing of the Amended Complaint, or by December 18, 2019. To date, over a year after the Amended Complaint was filed, Plaintiff has neither served the New Employer Defendants nor proffered any cause for his failure to service.[2]

### IV.   Plaintiff Has Failed to Prosecute His Claims

Courts have the power, under Rule 41, to dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute. *See Simmons v. Abuzzo*, 49 F.3d 83, 87 (2d Cir. 1995). "Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives." *Robinson v. Sposato*, No. 13-CV-3334 (JFB) (WBW), 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014). In considering whether to dismiss an action, courts in this district consider five factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). No one factor is dispositive in making this determination. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). A *pro se* litigant's claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

---

[2] Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Arguably, the Court's August 10, 2020 order (ECF 118) served as notice under Rule 4(m). However, the Court need not reach that issue because it recommends dismissal of the entire action under Rule 41(b). *See infra*.

Considering the factors above, I find that dismissal of the action for failure to prosecute is appropriate. Plaintiff is a frequent litigator in federal court and had filed numerous motions and papers in those actions.[3] In this action, however, Plaintiff has been silent since January 2020, when he filed a letter alleging that Defendants' counsel fabricated evidence.[4] (ECF 114). Plaintiff neither objected to the Report and Recommendation, dismissing the majority of the claims in this action, nor appealed the District Court's adoption of the Report and Recommendation. To be clear, Plaintiff was and is under no obligation to file anything in response to those rulings, and this recommendation of dismissal is not based on lack of objections and appeals. This recommendation of dismissal is based on Plaintiff's dual failures to: (1) comply with Court orders directing a response and (2) to litigate his claims, which is his obligation as plaintiff. The conditions are sufficiently extreme that dismissal is warranted even in light of Plaintiff's *pro se* status.

Considering the first and fourth factors, Plaintiff has not made attempts to litigate his case for almost the past year. Plaintiff has not responded to my August 10, 2020 order directing Plaintiff to state whether he had served the New Employer Defendants. (ECF 118). Nor has Plaintiff responded to the pending motion to dismiss for failure to prosecute despite a reminder from the Court, which *sua sponte* granted Plaintiff an extension of time to respond. (ECF 124, 125 (granting an extension to respond to April 29, 2021 from January 28, 2021)). The Court has

---

[3] *See Farmer v. Hyde Your Eyes Optical, Inc. et al.*, No. 13-CV-6653 (GBD) (S.D.N.Y.); *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 (GBD) (JLC) (S.D.N.Y.); *Farmer v. Woodside Optical Corp.*, No. 16-CV-5178 (CBA) (E.D.N.Y.); *Farmer v. Patino*, No. 18-cv-1435 (AMD) (LB) (E.D.N.Y.); *Farmer v. Law Office Weiner & Weiner, LLC*, No. 19-CV-7115 (GBD) (OTW).

[4] The pattern of silence is unusual compared to Plaintiff's past practices of vigorously, even vexatiously, litigating his cases, including the instant case. This Court even threatened Plaintiff with sanctions given his past practice of abusive communications with opposing counsel. *See* ECF 78.

given Plaintiff several opportunities to make his case against dismissal, but Plaintiff has not availed himself.

Considering the second factor, Plaintiff has been on notice that he risked dismissal for failure to prosecute since at least August 10, 2020, when I warned that "[f]ailure to respond may result in a recommendation of dismissal for failure to prosecute against [the New Employer Defendants]." He was again warned on April 15, 2021 that "[f]ailure to respond . . . may result in a recommendation that the action be dismissed for failure to prosecute under Rule 41(b)." (ECF 118, 125). Plaintiff received further notice through the pending motion to dismiss. (ECF 124). Despite the repeated warnings of possible dismissal, there has been no response.

Considering the third factor, there is prejudice to the Employer Defendants and the New Employer Defendants if the claims are not dismissed. These defendants cannot defend themselves against an action in which Plaintiff is uncommunicative and does not abide by orders directing a response. *See* ECF 118. There is even more prejudice to the New Employer Defendants because most of the claims against them have already been dismissed on the merits as to the properly-served defendants.

The Court has considered other alternatives less draconian than dismissal, and finds that none is suitable given Plaintiff's silence, even in the face of several Court orders. However, with the exception of the surviving FLSA and NYLL claims, dismissal is without prejudice against both sets of defendants. *See infra*.

### V.      Dismissal Is With Prejudice to Claims Already Dismissed

Typically, for dismissals based on failure to serve and failure to prosecute, dismissal is without prejudice. *See, e.g.*, *Murray v. Bouck*, No. 19-CV-317 (MKV), 2020 WL 6381935, at *3 (S.D.N.Y. Oct. 30, 2020) (dismissing without prejudice on grounds for failure to prosecute) (citing cases).

Here, however, most of the claims have already been dismissed on the merits against the properly-served Defendants. *See* ECF 120. Judge Daniels concluded that further amendments would be futile, and denied Plaintiff leave to further amend his complaint, such that the only remaining claims were the FLSA and NYLL claims. Accordingly, I recommend dismissal *without* prejudice of the FLSA and NYLL claims against the New Employer Defendants and the Employer Defendants, and dismissal *with* prejudice as to all other claims.

### VI.      Conclusion

For the reasons stated above, I recommend granting the motion to dismiss the action for failure to prosecute (ECF 124). The dismissal is *with prejudice* for all claims except for Count I (FLSA overtime violation), Count II (NYLL overtime violation), Count IV (NYLL failure to provide wage notice at the time of hiring), Count V (NYLL paystub violation), and Count XII (conversion), which are dismissed *without* prejudice as to the New Employer Defendants and Employer Defendants.

### VII.      Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for

service by mail). A party may respond to any objections within fourteen (14) days after being

served. Such objections, and any responses to objections, shall be addressed to the Honorable

George B. Daniels, United States District Judge. **Any requests for an extension of time for filing**

**objections must also be directed to Judge Daniels.** If Plaintiff wishes to review, but does not

have access to, cases cited herein that are reported on Westlaw, he should request copies from

Defendants. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER**

**OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140,

155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v.*

*Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.

1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

The Clerk of Court is respectfully requested to mail a copy of this Report and

Recommendation to the *pro se* Plaintiff**.**

**Respectfully submitted,**

_s/ Ona T. Wang_

Dated: May 5, 2021                                            **Ona T. Wang**
       New York, New York                          United States Magistrate Judge