UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
RICHARD FARMER,

                Plaintiff,

     -against-

FZOAD.COM ENTERPRISES INC., et al.,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 9300 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Richard Farmer ("Plaintiff") brings this action against various Defendants, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law (the "NYLL"), §§ 650 *et seq.*, and the New York Codes, Rules and Regulations (the "NYCRR") §§ 142 *et seq.* for unpaid straight time and overtime pay, liquidated damages, and attorney's fees and costs. (Am. Compl., ECF No. 93 ¶¶ 1–3.) Defendants Fzoad.com Enterprises Inc. d/b/a Manhattan Eyeworks d/b/a Chelsea Vision Associates, and David Forest Gross (collectively, the "Employer Defendants"), and Frank Fico, Marina Kleyman, Manhattan Eyeworks, Inc, 3 Eyed Optical, Inc, and Triple Vision Corp (the "New Employer Defendants") move to dismiss Plaintiff's claims for failure to prosecute under Federal Rule of Civil Procedure ("Rule") 41(b). (Mem. of Law in Supp. of Mot. to Dismiss the Am. Compl., ECF No. 124.)

Before this Court is Magistrate Judge Ona T. Wang's May 5, 2021 Report and Recommendation (the "Report"), recommending that the motion to dismiss be granted. (Report, ECF No. 126, at 1.) Magistrate Judge Wang advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 8.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

1

## I. FACTUAL BACKGROUND

Plaintiff worked at Manhattan Eyeworks from August 15, 2014 through April 27, 2015. (Am. Compl. ¶ 7.) Plaintiff alleges that throughout his employment, he worked 72 hours each week with a salary of $14.00 per hour, even though he was promised $25.00 per hour. (*Id.* ¶ 143.) He also claims that the Defendants, all of whom he alleges were his employers at the time, did not provide him with appropriate meal periods. (*Id.* ¶¶ 239–243.) He further states that at some point, he confronted Defendant Gross about being dissatisfied regarding his compensation, but Gross stated that he lacked the funds to pay Plaintiff and later terminated him. (*Id.* ¶¶ 147–150, 161.)

Additionally, Plaintiff alleges that employees of Dental Associates—the sub-lessor of Manhattan Eyeworks—attempted to cause Plaintiff to quit by harassing him through "verbal and psychological abuse." (*Id.* ¶¶ 112, 122–134.) Plaintiff also asserts that at some point, he witnessed Matani—the alleged landlord of Manhattan Eyeworks—sexually harassing Plaintiff's co-workers. (*Id.* ¶¶ 151–153, 158–159.) Plaintiff claims that he reported this incident to Gross, and subsequently, Matani used his influence as landlord to cause Gross to fire Plaintiff. (*See id.* ¶ 171.)

On October 4, 2019, the Employer Defendants and Defendants Mukund Matani, Gary Greenwald, Dental Associates of New York LLP, and Greenwald & Matani PTP (collectively, the "Matani Defendants") moved to dismiss all claims against them for failure to state a cause of action. (Defs.' Mot. to Dismiss, ECF No. 101.) On August 5, 2020, Magistrate Judge Wang recommended dismissal of all claims against the Matani Defendants and most of the claims against the Employer Defendants. (Report and Recommendation, ECF No. 116.) Magistrate Judge Wang also issued an order on August 10, 2020 directing Plaintiff to "submit a letter to the Court by August 24, 2020 with the following information: When and how the New Employer Defendants were served" and warning that "[f]ailure to respond may result in a recommendation of dismissal for failure to prosecute against

2

these Defendants." (ECF No. 118.) Plaintiff did not respond. To date, Plaintiff has neither indicated that he served the New Employer Defendants nor proffered any cause for his failure to serve.

This Court adopted the August 5, 2020 Report and Recommendation in full, dismissing all claims against the Matani Defendants and most of the claims against the Employer Defendants. (Order dated Sept. 17, 2020, ECF No. 120.) The remaining FLSA and NYLL claims against the Employer Defendants were Count I (FLSA overtime violation), Count II (NYLL overtime violation), Count IV (NYLL failure to provide wage notice at the time of hiring), Count V (NYLL paystub violation), and Count XII (conversion).

On January 14, 2021, the Employer Defendants and New Employer Defendants moved to dismiss the remaining claims against them for failure to prosecute under Rule 41(b). (Defs.' Mot. to Dismiss, ECF No. 124.) Plaintiffs did not file an opposition by the January 28, 2021 deadline. (*See* Local Civil Rule 6.1(b).) On April 15, 2021, Magistrate Judge Wang issued an order directing Plaintiff to respond by April 29, 2021 and warned that "[f]ailure to respond by that time may result in a recommendation that the action be dismissed for failure to prosecute under Rule 41(b)." (ECF No. 125.) Plaintiff has not responded.

## II.  LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v.*

3

*City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Motion to Dismiss for Failure to Prosecute.

Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citations omitted). District courts consider five factors when deciding whether to dismiss an action under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (citation omitted).

### III. THE REPORT IS ADOPTED

After a complete review of the relevant legal standards and facts at issue, Magistrate Judge Wang appropriately found that dismissal is warranted. (*See* Report at 5–8.) Considering the first and fourth factors, Plaintiff has not made any attempts to litigate his case during the past year. Plaintiff failed to respond to both Magistrate Judge Wang's August 10, 2020 order and the motion to dismiss for failure to prosecute, even after the Court *sua sponte* granted Plaintiff an extension of time to respond. (*Id.* at 5; ECF No. 125.) As to the second factor, Plaintiff received repeated warnings of possible dismissal for failure to prosecute but there has been no response to date. (*See* ECF Nos. 118, 125.) Regarding the third factor, Magistrate Judge Wang reasonably concluded that there is prejudice to the Employer Defendants and New Employer Defendants if the claims are not dismissed, especially considering that most of the claims against the New Employer

Defendants have already been dismissed for failure to state a claim as to the properly-served defendants.

Finally, regarding the fifth factor, this Court has considered other alternatives less punitive than dismissal and finds that none is suitable given Plaintiff's unresponsiveness to several court orders. In accordance with the fifth factor, and considering Plaintiff's *pro se* status, dismissal of Plaintiffs remaining FLSA and NYLL claims without prejudice is warranted. *Barker v. City of New York*, 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020); *see also Wingate v. Ctr.*, 2014 WL 3346319, at *1 (S.D.N.Y. July 1, 2014) ("[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions.") Magistrate Judge Wang correctly concluded that the claims previously dismissed by this Court's September 17, 2020 decision are now dismissed with prejudice given that they have been previously dismissed on the merits. (Report at 7.)

## IV. CONCLUSION

Magistrate Judge Wang's Report is ADOPTED. Defendants' motion to dismiss Plaintiff's complaint, (ECF No. 124), is GRANTED. The Clerk of Court is directed to close the motion and this case accordingly.

Dated: New York, New York
June 28, 2021

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

5